## STATE v. JOHN J. McDONNELL.[1]

January 8, 1926.

Nos. 24,820, 24,821.

**Requirement for appointment of counsel for accused before taking his plea does not apply where county attorney files information on his own motion.**

1. The defendant was convicted on his plea of guilty to an information filed by the county attorney on his own initiative pursuant to G. S. 1923, §§ 10664-10666. It is *held* that the provision of § 10667, requiring the appointment of counsel for the defendant before the taking of a plea, applies to an information filed under that section upon the application of the defendant to plead guilty, and not to an information under §§ 10664-10666 filed on the initiative of the county attorney.

**Accused was informed of his right to counsel.**

2. The trial court substantially informed the defendant of his right to counsel.

**Withdrawal of plea within discretion of trial court.**

3. Whether a defendant shall be permitted to withdraw his plea of guilty rests within the sound discretion of the trial court; and its discretion was not abused.

Criminal Law, 16 C. J. pp. 396 n. 88; 397 n. 6; 399 n. 13; 401 n. 50 New; 821 n. 15; 17 C. J. p. 229 n. 33.

Defendant pleaded guilty to two informations of the county attorney of St. Louis county, charging him with grand larceny in the first degree, and was sentenced on each. Later he moved the court, Kenny, J., to set aside his convictions and his pleas of guilty. His motions were denied and he appealed. Affirmed.

[1]Reported in 206 N. W. 952.

*John Brown*, for appellant.

*Clifford L. Hilton*, Attorney General, *Mason M. Forbes*, County Attorney and *Harry H. Boyle*, Assistant County Attorney, for respondent.

DIBELL, J.

The defendant was convicted on January 8, 1925, of grand larceny in the first degree on his plea of guilty to an information filed by the county attorney charging him with taking a sum of money in the night-time from the person of one Alverson, and was sentenced to the reformatory at St. Cloud. On the same day he was convicted of a like crime on his plea of guilty to an information filed by the county attorney charging him with taking a sum of money in the night-time from another person, and was sentenced to the state prison, the serving of the sentence to commence upon the expiration of his term at the reformatory.

The defendant moved to set aside the judgments of conviction and his pleas of guilty. The motions were denied and he appeals from the orders denying them and from the judgments of conviction.

The claims of defendant's counsel, argued and briefed with great thoroughness, are fairly comprehended in three contentions:

(1) That under G. S. 1923, § 10667, relative to informations, a plea of guilty cannot be taken by the court unless the defendant is represented by counsel, procured by himself or appointed by the court, and that the defendant not being represented by counsel his convictions were invalid.

(2) That, if the first contention is not sustained, then he was not sufficiently informed of his right to counsel as required by G. S. 1923, § 10678.

(3) That, if neither the first nor the second contention is sustained, then the court abused its discretion in refusing him permission to withdraw his pleas of guilty.

1. Section 10667, G. S. 1923, provides for the filing of an information against one charged with crime "upon the application of the prisoner in writing, stating that he desires to plead guilty," etc. There is this proviso:

"Provided, that no plea of guilty shall be received or entered under the provisions of this section, unless the person charged in the indictment or information be represented by competent counsel, and in case he shall have no counsel the court shall appoint competent counsel to appear for such accused, * * * and the court shall not accept such plea of guilty or pass sentence thereon unless it is fully satisfied that the accused has had his action properly considered and advised by competent counsel."

The information was not filed against the defendant upon his application under § 10667. It was filed under §§ 10664-10666, on the initiative of the county attorney. These sections were analyzed and construed in State v. Keeney, 153 Minn. 153, 189 N. W. 1023. It was held that they gave the county attorney authority to proceed by information on his own initiative against a defendant bound over to the district court, though such defendant made no application as he might under § 10667. The quoted proviso of § 10667 is without application. It is in terms confined to pleas of guilty under that section; and reasons are apparent why the legislature should choose to have it so.

2. Section 10678, G. S. 1923, provides:

"If the defendant shall appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel."

When the case was called this occurred:

"The court: Your name is John J. McDonnell; is that right?

"The defendant: Yes, sir.

"The court: You are charged by this information with having committed the crime of grand larceny in the first degree, on December 9, 1924—charged with having stolen $30.00 from one Albert Alverson. Have you any attorney?

"The defendant: No, sir.

"The court: Do you wish to have one, or are you ready to enter a plea?

"The defendant: To plead.

"The court: What do you plead, guilty or not guilty?

"The defendant: Guilty, your honor."

After a statement by the county attorney there was an extended examination by the court and upon its conclusion sentence to the reformatory was imposed.

Proceedings upon the second information followed immediately, if we interpret the record correctly, and this occurred:

"The court: There is also an information here charging you with committing the crime of grand larceny in the first degree on the 27th day of December by stealing $3.00 from one Mary Hall here in the city of Duluth. What plea do you wish to enter to that charge?

"The defendant: Guilty, your Honor."

Sentence to the state prison was then imposed.

The statute was not followed formally. We feel that it is better that the court inform a defendant, in precise terms, that he is entitled to counsel, before arraignment, with such explanation as the particular case may suggest. The Constitution gives him the right "to have the assistance of counsel in his defense." Const. art. 1, § 6. And if by reason of poverty he cannot employ counsel the court appoints. G. S. 1923, § 9957.

The omission to give the information does not go to the jurisdiction of the court. It is at the most such a defect or irregularity as ought, in the proper administration of justice, to result in a vacation of the judgment with a right to change the plea. We are constrained to hold that the information given the defendant substantially conformed to that intended by the statute and that he cannot of right have the judgments vacated with leave to change his pleas.

Counsel cites several Indiana cases, of which Batchelor v. State, 189 Ind. 69, 125 N. E. 773, is typical. This case involved the application of the provision of the Constitution corresponding to § 6 of

our Bill of Rights; and it was held that the accused should be advised fully of his rights and of the consequences of his act, though his right could be waived. In Krolage v. People, 224 Ill. 456, 79 N. E. 570, 8 Ann. Cas. 235, there was involved a statute making it the duty of the court to explain to the defendant fully the consequences of entering a plea of guilty; and it was held, adequate explanation not having been given, and the defendant claiming that he did not understand, that leave should have been granted to withdraw his plea. These cases bear upon the question of discretion now to be considered.

3. The motions raise the question whether, other considerations aside, there was an abuse of discretion in not vacating the judgments and allowing the defendant to change his pleas.

Whether a defendant shall be allowed to withdraw his plea of guilty, is largely within the discretion of the trial court. State v. Olson, 115 Minn. 153, 131 N. W. 1084. The defendant was 17 years old. That ought to make in his favor. At that age the ordinary boy is unfamiliar with criminal courts and procedure. Some boys of that age have started well along on a criminal career. The defendant had been convicted before on his plea of guilty to grand larceny in the second degree for what he calls "robbing" his employer, had been sentenced to the workhouse, and had been paroled. The crimes charged in the informations were committed ten days before the arraignments. The defendant had preliminary hearings before a committing magistrate, or waived them. He was not a stranger in the community. He lived with his parents in the city where the informations were filed. It is not to be inferred that he did not have such advice as friends could give. He makes no affidavit, and makes no claim that he was misled or did not understand. An appellate court should appreciate the superior opportunity afforded the trial court for understanding the situation, and should be slow to hold that its discretion was not wisely exercised. The trial court may have thought that the defendant knew well the import of the proceedings and was dissatisfied only when leniency was not shown, and then desired to take a different course. We hold that there was no abuse of discretion.

Orders and judgments affirmed.