THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. WELCH, Relator, against EUGENE SLATTERY, Warden of the Penitentiary of the City of New York, Defendant.

Supreme Court, Special Term, Bronx County, October 22, 1942.

*Edward J. Welch,* in person, relator.

*Samuel J. Foley, District Attorney (John B. Lee* of counsel), for defendant.

HAMMER, J. The relator by means of this habeas corpus proceeding asserts a grievance which is frequently before the courts. He claims as of right he should have been sentenced under the Penal Law to a fixed term the maximum of which has expired and he is entitled to be discharged.

Three grounds are urged, as follows:

1. The facts of his previous criminal record establish that the offender is not a fit person for correction and reformation in the penitentiary or other institution of imprisonment under the Parole Commission Law [L. 1915, ch. 579, as amd.] as now incorporated in the Correction Law [§ 200 *et seq.*]. It was therefore mandatory upon the sentencing court to impose sentence under the Penal Code.

2. The sentencing judge or court in order to impose a longer term than that authorized by the provisions of the Penal Law

committed the offender to the New York City Penitentiary there to be dealt with according to law and recommended such longer term to the New York City Parole Commission. The result is a punitive illegal sentence for the longer period under the subterfuge of finding the offender a fit person for correction and reformation under the jurisdiction of and methods provided by the Parole Commission. It is the practice of the Commission to seek and obtain the sentencing judge's approval in writing of the period of incarceration fixed by the Commission which here was and invariably is for a period longer than that prescribed by the Penal Law.

3. All offenders sentenced to the penitentiary whether for definite terms under the Penal Law or the indeterminate periods under the Parole Commission Law are subjected to identical treatment. There is in fact no correctional and reformatory method under which the offender receives any benefit. He is subjected to longer incarceration and loses benefits provided under the Penal Law for time in prison awaiting trial and time allowance for good behavior. The result is solely punitive and not in any measure reformatory.

Relator in addition contends he was extradited from Massachusetts upon an indictment for forgery and petit larceny, and was induced to plead guilty to the count of petit larceny on an assurance of receiving a suspended sentence, and could only be punished by a sentence under the Penal Law to the city penitentiary for a term not exceeding one year. The record shows no such assurance and relator's unsupported statement is of no value on a matter often claimed and seldom, if ever, proved. Procedure exists under which the offender could have protected himself and required that the record clearly show what took place. Claimed ignorance of procedure is not helpful. The court ordinarily must be guided by the record.

The sentencing court committed the offender to the New York City Penitentiary, there to be dealt with according to law, i. e. pursuant to section 203 and other provisions of the Correction Law. A definite sentence under the Penal Law would have resulted in a lesser period of incarceration, for the reason that although the commitment was for an indefinite term not to exceed three years, the Parole Commission with the approval of the sentencing judge fixed the tentative minimum for release at thirty months.

Sentence under the Correction Law, section 203 (L. 1939, ch. 661, § 1, formerly Parole Commission Law, L. 1915, ch. 579), in the absence of a more definite expression has been

referred to as indeterminate. It is that in a sense as it is not determined at the time it is imposed, but it is neither a definite sentence which implies a definite fixed period of time of imprisonment, nor an indeterminate sentence having minimum and maximum limits fixed by the court or the Governor. (Correction Law, § 230, subd. 1.) Subdivision 4 of the last-mentioned section, as amended by chapter 731 of the Laws of 1934, in respect of earned compensation for inmates in a State prison or penitentiary, is not applicable to inmates committed to the New York City Penitentiary there to be dealt with according to law by the Parole Commission. (Correction Law, § 203.) There is no provision in the statute for approval by the sentencing judge or court in advance of recommendation by the Parole Commission for the conditional release or discharge of the inmate. The sentencing judge or court is required to approve such recommendation at the time it is made and not before. Previously the approval of the judge who made the commitment was required. (L. 1915, ch. 579.) By amendment (L. 1916, ch. 287) the approval of such judge or his successor is required. The statute does not require or justify the practice of having the committing judge approve the marks allotted by the Parole Commission at the time of allotment shortly after the inmate is received. As the Correction Law, section 203, subdivision b, provides the sentencing court shall not fix or limit the term of any person sentenced to the penitentiary under the jurisdiction of the Parole Commission, such advance approval by the sentencing judge may not be regarded as fixing a minimum term. The allotment of marks for the computation of time of release on parole does not fix an irrevocable minimum. For grounds deemed sufficient whether of record, conduct and industry of the inmate or other good reason the Commission may increase or reduce the time of detention.

If, as asserted, no facilities exist at the penitentiary for other than identical treatment, and all inmates, regardless of sentence or commitment, are confined in the same place which is both penitentiary and workhouse, and neither class of inmate is separated from the other, the interest of the court is stirred, and undoubtedly the public interest ultimately may become aroused; but jurisdiction of the court in habeas corpus is not the remedy. Separation of inmates for correction and reformation in different sections of the same building, or different buildings, might solve the difficulty, but the problem is one for the other branches of government and not for the courts.

The relator states he has a long criminal record, and therefore, clearly, it could not be justly found that he was a fit person for reformation.

A criminal record, however, is insufficient of itself to establish that an offender cannot be reformed.

Section 203 of the Correction Law which re-embodied provisions of the Parole Commission Law, reads in part as follows:

" (a) After the creation of a parole commission pursuant to this article any person convicted of any crime or offense punishable by imprisonment in a penitentiary, workhouse, city prison, county jail or other institution under the jurisdiction of the department of correction of the city if sentenced to any institution under the jurisdiction of the department of correction in such city shall be sentenced and committed to a penitentiary or a workhouse or a reformatory under the jurisdiction of such department.

" (b) The court in imposing sentence shall not fix or limit the term of imprisonment of any person sentenced to any such penitentiary. The term of such imprisonment shall be terminated in the manner prescribed in section two hundred four of this article and not otherwise, and shall not exceed three years."

Sections 1299 and 1937 of the Penal Law, under which relator claims he should have been sentenced, read as follows:

" § 1299. * * * Petit larceny is a misdemeanor."

" § 1937. Punishment of misdemeanors when not fixed by statute. A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially. prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both." The language of the latter section does not provide an exclusively controlling sentence which was mandatory upon the sentencing court.

As the above provisions of the Penal Law are not exclusively controlling, the question of committing the offender to an indeterminate term under the Correction Law, rather than imposing a sentence of a fixed term under the Penal Law, was discretionary with the sentencing court. (*People* v. *Bendix,* 260 N. Y. 590, affg. 235 App. Div. 837.) A finding that an offender is capable of substantial benefit by correctional and reformatory treatment is not required to be incorporated into the record of the sentence. (*People* v. *Thompson,* 251 N. Y.

428.) Since the sentencing court had the offender's record before it at the time of imposing the indeterminate sentence to the penitentiary, there to be dealt with according to law, it is assumed the court made that finding. (*People ex rel. Montana* v. *Warden of N. Y. C. Penitentiary*, 171 Misc. 533.) The question of time earned for good conduct and the fixing of marks for the inmate is one of discretion for the Parole Commission and not for the court. (*People ex rel. Kohlepp* v. *McGee*, 256 App. Div. 792.) The courts have frequently indicated what should be considered by Parole Commissioners in dealing with the subject of discharge from prison of inmates held under indeterminate sentence. (See above citations and *People ex rel. Montana* v. *McGee*, 16 N. Y. S. 2d 162; *People ex rel. Angley* v. *Warden*, 153 Misc. 307.) Jurisdiction to impose sentence, whether under exclusive provisions of the Penal Law or under the discretion to sentence either under the Penal Law or Parole Commission Law provisions, is provided by statute. In the absence of clear proof to the contrary, it must be assumed that the sentencing judge acted properly and justly. The remedy, if the sentencing judge is to be required to sentence exclusively under the Penal Law, or if the incarceration in no event is to exceed the limit of time prescribed in the Penal Law, is for the Legislature. "Humane and sympathetic treatment" is desirable (*People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30, 38), but compensation and commutation, as provided by the Correction Law in respect of penal sentence do not apply to commitments under the Correction Law, section 203, and allowances by the Parole Commission are not matters of right but of grace. (*People ex rel. Stein* v. *Murphy*, 256 App. Div. 856.) The Parole Commission has power to make rules and regulations under which inmates may become eligible for parole, released, retaken and reimprisoned. A full statement in respect of such power is set forth in *People ex rel. Angley* v. *Warden* (*supra*). In the absence of a mandate from the Legislature the Commission's decision may not be reviewed by the courts. (*People ex rel. Kohlepp* v. *McGee, supra.*) "A sentence for a fixed term is necessarily based upon a previous determination that the offender lacks capacity to benefit substantially by correctional and reformatory treatment, just as a sentence under the Parole [Commission] Law [now incorporated in Correction Law] is necessarily based upon a previous determination that the offender is capable of such benefit." (*People* v. *Thompson, supra.*) It is assumed that the sentencing judge here made such determination. The

commitment is complete and legal on its face and shows that the relator on conviction by confession of the crime of petit larceny was ordered and adjudged by the court imprisoned in the Penitentiary of the City of New York, to be dealt with according to law. No ground is presented upon which the relief herein sought may be granted.

Writ dismissed and prisoner remanded.