THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CLAUDE HALL, Defendant.

County Court, Onondaga County, October 18, 1945.

*Claude Hall,* defendant in person.

*William H. Bowers, District Attorney,* for plaintiff.

MALPASS, J.   An application has been made by the above defendant, Claude Hall, for an order directing his production in court for the purpose of testifying as a witness and presenting argument on a motion made by him to vacate a judgment of conviction had in February, 1930, and to dismiss the indict-

ment on which such judgment of conviction was based. The court granted the application for his production in court and a hearing was had on the 16th day of October, 1945.

The defendant was indicted by the Grand Jury sitting in connection with the October Term of the Supreme Court of the crime of grand larceny in the second degree. The indictment was remitted to the County Court for disposition and on the 30th day of January, 1930, the defendant pleaded guilty to the indictment and was sentenced to a term of six months in the Onondaga County Penitentiary.

The defendant, in his moving papers, attacks the validity of his conviction upon four grounds: (1) That he was not represented by counsel and was not informed of his right to counsel or given any opportunity to request that counsel be assigned to him; (2) that the indictment was void as a matter of law because it did not charge the felony of grand larceny but rather two separate charges of petit larceny; (3) that the indictment found in Supreme Court was not properly transferred to County Court and that the County Court was therefore without jurisdiction; (4) that the defendant was informed by representatives of the District Attorney that the charge against him would be '' dropped to petit larceny '' and when he entered his plea of guilty he believed that the charge against him had been reduced to petit larceny, and that he pleaded guilty to the misdemeanor of petit larceny.

Upon the question as to whether or not the defendant was informed of his right to counsel, the minutes of the clerk of the court for the date on which the defendant was arraigned contained these words under the caption '' The People vs. Claude Hall Indictment No. 1030 ''.

'' Defendant herein being duly arraigned, pleads that he is guilty.''

There is no question but that the defendant was not represented by counsel. The only question is as to whether or not he was properly informed as to his rights and proceeded in an intelligent manner when he entered his plea of guilty. The only proof which the defendant submits on this question is his own testimony and statements contained in his own affidavit. The record states that he was '' duly arraigned.'' The word '' duly '', in legal parlance, means according to law, and as stated in *Brownell* v. *Town of Greenwich* (114 N. Y. 518, 527): '' It does not relate to form merely, but includes form and substance both.'' The words '' duly arraigned.'' have been held to mean arraignment according to law. (*Clements* v. *The State*

*of Florida,* 51 Fla. 6.) Other cases as to the meaning to be given to the word " duly " are to the same effect. (*Gibson* v. *People,* 5 Hun 542; *Welborn* v. *Whitney,* 190 Okla. 630; *Bower* v. *Casanave,* 44 F. Supp. 501, 504.) It has been held that in the absence of clear and convincing proof the presumption is that the court in which the defendant was convicted performed its duty and that the defendant was advised of his right to counsel and that his constitutional rights were not invaded. (*People ex rel. Asaro* v. *Morhous,* 268 App. Div. 1016.█) The proof submitted by the defendant, consisting as it does solely of his own statements, is insufficient, in view of the record of the court and statements of others, to justify a finding that upon his arraignment, over fifteen years ago, the proceeding was not " duly " and legally conducted. (*People ex rel. Montagno* v. *Morhous,* 292 N. Y. 678.)

The contention that the indictment was void as a matter of law because it alleged two separate petit larcenies is based primarily upon the fact that the property stolen was owned in part by two different persons. The indictment charged the theft of two musical instruments, one belonging to one Dixson, of the value of $50, and the other belonging to one Lyons, of the value of $75. The indictment charged these as a single crime committed at the same time and place. The fact that part of the property was owned by one person and part by another does not constitute them separate offenses. (Joyce on Indictments, § 567; *Woodford* v. *People of the State of N. Y.,* 62 N. Y. 117, 128; *People ex rel. Flynn* v. *Barr,* 259 N. Y. 104, 109, 110.)

The records of the Supreme Court show that the indictment was properly remitted to the County Court for disposition. The County Court had jurisdiction. (Code Crim. Pro., § 296.)

The defendant's claim that he pleaded guilty to petit larceny is not supported by any proof except his own statements. He testified, upon the hearing, that he was called upon by a man who informed him that he was from the District Attorney's office and who told him " that if he would enter a plea of guilty the charge would be dropped to Petit Larceny and the defendant would be sentenced to the Onondaga Penitentiary." The defendant asserts that he did plead guilty to petit larceny and " believed that the charge * * * had been changed to Petit Larceny." The claim of the defendant is in all respects denied in an affidavit of the former District Attorney who had personal

charge of the prosecution of the indictment. The records of the court, as evidenced by certified copies thereof submitted by the District Attorney, are in direct conflict with the assertions of the defendant, and establish that the charge was not reduced but that the defendant was regularly convicted of the felony of grand larceny in the second degree.

The defendant is not entitled, as a matter of right, to an order requiring his production in court upon the argument of this motion. (*People* v. *Gruberman,* 183 Misc. 535.█) Where a defendant submits proof that he was defrauded or coerced into pleading guilty to a crime, he is entitled to a hearing. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25; *Waley* v. *Johnston,* 316 U. S. 101; *Walker* v. *Johnston,* 312 U. S. 275.) Such a hearing has been held in this case. In *Walker* v. *Johnston* (*supra*) it was held that, on a hearing, the burden rests upon a defendant to sustain his allegations by a fair preponderance of evidence. In my opinion, the defendant has not sustained the burden of proof and his application should be denied.

An order may be entered herein denying defendant's motion to vacate and set aside the judgment of conviction of the crime of grand larceny in the second degree and the sentence imposed thereunder and an order to that effect may be entered herein.