## STATE EX REL. JOHN WILLIAMS v. DOUGLAS C. RIGG.

99 N. W. (2d) 450.

November 20, 1959—No. 37,797.

*John Williams,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent as warden of Minnesota State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the District Court of Washington County denying a petition for a writ of habeas corpus. Respondent moves to deny the petition here for failure to allege facts upon which the petition could be granted.

On March 15, 1955, the relator appeared before the District Court of Hennepin County charged with having committed manslaughter in the first degree. He was tried, convicted, and sentenced to the Minnesota State Prison, where he has since been confined. The relator asserts here that that detention is unlawful.

Since in this case the relator does not challenge the jurisdiction of the trial court over his person or over the subject matter involved, our

inquiry must be limited to determining whether he has been denied fundamental constitutional rights. State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79.

Although the arguments presented in the petition are not entirely clear, the relator apparently contends that his conviction was unlawful because: (1) He was tried and convicted without having entered any plea to the charge in the indictment; (2) he was inadequately represented by the court-appointed counsel at the trial; and (3) he was unable to obtain a transcript of the trial proceedings and, therefore, was denied the opportunity of appellate review of his conviction. We will consider these grounds in that order.

■ The relator was represented by the public defender, who was not present in court when the relator was arraigned. The trial judge therefore told the relator, "I will enter a plea of not guilty, in your behalf * * *." He was not asked to enter a formal plea nor did he do so. The trial proceeded without any objection by the relator or his counsel to this omission. There is no claim that the relator was not fully informed of the nature of the offense with which he was charged. This court has never before passed on the question whether the due process of law guaranteed by U. S. Const. Amend. XIV and by Minn. Const. art. 1, § 7, demands that an accused be required to enter a plea upon arraignment on a criminal charge. There is, however, ample authority from courts of other jurisdictions that the right to plead is waived when the accused appears at the trial of the merits of his case, represented by counsel, and fails to call the attention of the court to the omission of a plea. E. g., Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772; People v. Weeks, 165 Mich. 362, 130 N. W. 697; Holt v. State, 84 Okl. Cr. 283, 181 P. (2d) 573. See, also, 22 C. J. S., Criminal Law, § 408. The relator's trial in this case proceeded in all respects as if he had entered a formal plea of "not guilty." We agree with the district court in this action that the relator has waived any objections to want of arraignment or plea.

■ The relator's second ground for attacking his conviction is that he was inadequately represented by counsel. This contention is not supported by the petition or record before us. The petition does not

assert that the relator was not afforded ample opportunity to confer with his counsel in preparing his defense. Neither does it indicate incompetence, infidelity, or prejudice on the part of his counsel. The only specific allegation made in the petition seems to be that counsel failed to call certain defense witnesses who were present in court. The relator asserts:

"* * * It is of certain truth that their testimony and not their mere appearance in the court room would have been the more effective." Even assuming that there is merit to this claim, it would prove nothing more than an error in judgment on the part of his attorney which would not entitle the relator to the relief he seeks here. State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149.

The relator's third ground of attack is essentially the same as his argument in State ex rel. Williams v. County of Hennepin, 252 Minn. 330, 89 N. W. (2d) 907, an earlier case before this court. The argument is, we believe, disposed of by our opinion in that case.

Affirmed.