## STATE v. CECIL EVERETT CAGE.

117 N. W. (2d) 919.

November 16, 1962—No. 38,646.

*Cecil Everett Cage,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, and *Bruce A. Erickson,* County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court denying an application in the nature of an application for a writ of error coram nobis.

Plaintiff moves for a dismissal of the appeal on the ground that the notice of appeal was not served on the attorney general or county attorney as is required by Minn. St. 632.02. Such service is jurisdictional.[1]

From an examination of the files, there appears sufficient doubt as to whether proper service was made that we have concluded to resolve the doubt in favor of defendant and dispose of the case on its merits.

Defendant was charged by an information dated October 28, 1959,

---

[1]State ex rel. Farrington v. Rigg, 248 Minn. 49, 78 N. W. (2d) 721; State v. Alm, 246 Minn. 568, 75 N. W. (2d) 212.

with commission of the crime of grand larceny in the first degree. He was represented by counsel and arraigned on December 22, 1959, whereupon he entered his plea of guilty to the crime as charged in the information and was sentenced according to statute. No appeal was taken from the judgment of conviction and no motion made for a new trial.

In July 1961, defendant filed an application for a writ of error coram nobis, which was denied. No appeal was taken from that order. In September 1961, a second application was filed, which was also denied, and this appeal is from the denial of that application.

The scope and limitation of an application for a writ of error coram nobis have been adequately discussed in other decisions of this court.[2] In State v. Tellock, 264 Minn. 185, 118 N. W. (2d) 347, we exhaustively examined the entire matter. It would be useless to do so again here.

Defendant's application rests on his claim that the information charging him with commission of the crime alleges the value of the property was over $100 but that the property actually was worth only $61.43.

Minn. St. 622.05 defines the crime of grand larceny in the first degree:

"Every person who shall steal, or unlawfully obtain or appropriate in any manner specified in this chapter:

\*   \*   \*   \*   \*

"(2) Property of the value of more than $25 by taking the same *in the nighttime* from any dwelling house, office, bank, shop, warehouse, vessel, railway car, or any building of any kind or description; \* \* \*

\*   \*   \*   \*   \*

"Shall be guilty of grand larceny in the first degree \* \* \*." (Italics supplied.)·

The information alleges that defendant, *in the nighttime,* did take, steal, and carry away property of the value of more than $100.

---

[2]See, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217; State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 89 N. W. (2d) 166.

198

By his plea of guilty, defendant admitted all the facts well pleaded.[3] He was adequately represented by counsel at the time of his arraignment. While the value of the property stolen was thus admitted by his plea of guilty, he would still be guilty of grand larceny in the first degree even if the value was what he now claims it to be. Under these circumstances, he is entitled to no relief under a writ of error coram nobis.

We see no merit in this application. The trial court correctly denied it.

Affirmed.

---

[3]State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640.