## STATE EX REL. CARL R. BECKER v. RALPH H. TAHASH.

122 N. W. (2d) 100.

May 29, 1963—No. 38,874.

*Carl R. Becker,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

Appeal from the district court's order denying a petition for a writ of habeas corpus without an evidentiary hearing on the ground that it is sham and frivolous.

The question presented is whether the petition reveals sufficient cause for a hearing on the merits. State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149.[1]

---

[1]The petition is insufficient and should be summarily dismissed in a habeas

Petitioner was arraigned and entered a plea of guilty to forgery in the second degree before the Nobles County District Court on October 17, 1960. He had been arrested on this charge in February 1960 at Fort Scott, Kansas, returned to Minnesota, lodged in jail, and thereafter bound over to district court and released on bail from the first part of April 1960 until shortly before his arraignment and plea. After his plea, and before a presentence investigation was ordered and sentence imposed, he submitted to questioning under oath. In his answers he declared he was a resident of Sioux City, Iowa, 40 years old, married, the father of four children, and his occupation was mechanic and truck driver. He also readily admitted that he had been previously convicted of three offenses—larceny in Sioux City, Iowa, in 1941; larceny of a motor vehicle in Sioux Falls, South Dakota, in 1944; and obtaining money by false pretenses in Canon City, Colorado, in 1958—and that he had served time in prison for each of these offenses. About a year after his commitment on the present charge, he filed a petition for a writ of error coram nobis, which was denied without a hearing. On appeal from that decision we upheld the denial of the writ in an opinion filed June 29, 1962,[2] holding that the petition did not allege errors of the type which would justify the issuance of that writ. The petition for a writ of habeas corpus now before us followed on July 25, 1962.

The information to which petitioner entered his plea charged that he forged the name of Thomas L. Webb to a check for $100 made payable to petitioner himself, dated February 19, 1960, which check he passed in Nobles County. As in his previous petition for coram nobis, petitioner admits that he passed an identical forged check dated February 12, 1960, in Avoca, Murray County, Minnesota, but claims that he did not pass the check described in the information because he was in Iowa on February 19, 1960, the date of that check. The petition further alleges that petitioner was denied due process of law in that, being in fact innocent of the charge, he was induced to enter a plea of guilty by means

corpus proceeding if it is sham and frivolous. State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; State ex rel. Perkins v. Utecht, 232 Minn. 116, 44 N. W. (2d) 113.

[2]State v. Becker, 263 Minn. 168, 115 N. W. (2d) 920.

of misrepresentations and threats that he would receive a mandatory life sentence as a habitual offender if he pleaded not guilty; that his court-appointed attorneys participated in the misrepresentations and duress in collusion with the county attorney; that one of his two court-appointed counsel, a resident of Iowa, was not notified and, therefore, not present when sentence was imposed on December 30, 1960. Petitioner also complains that he was not personally invited to make a statement before sentence was imposed in order to call the court's attention to his declaration of innocence which he claims was contained in the written presentence investigation report, which the judge had before him when sentence was pronounced. In support of the petition, he submitted the entire commitment record, including a verbatim transcript of the proceeding resulting in his conviction and sentence, the accuracy of which he does not challenge. He also submitted extrinsic evidence by way of affidavits of his wife, his mother, and an Iowa hotelkeeper tending to support his claim that he was in fact present in Iowa on February 19, 1960, although registered at the hotel under an assumed name. In addition, there is attached a copy of a letter from his Iowa counsel confirming that he was not notified nor present at sentencing and that petitioner had, at one conference before his plea, declared his innocence of the charge.

■ The only part of the petition which alleges a possible deprivation of constitutional rights is the claim that petitioner's plea of guilty was induced either by a promise that he would not be prosecuted as a habitual offender or a threat that, if he stood trial, such a prosecution would ensue. Inducement by promises or threats destroys the essential voluntary nature of a plea and could amount to a denial of due process, ousting the court of jurisdiction to enter a valid judgment of conviction. If such a claim can be established by proper proof, a prisoner might be entitled to discharge under a writ of habeas corpus. To test the sufficiency of the petition, were we to assume that petitioner could establish this claim as true, a hearing on the petition would clearly be required. Here, however, the record, including a verbatim transcript of the proceedings resulting in the plea and sentence, was submitted in support of the petition and must be considered as a part thereof. Even though

not so submitted, under a well-established rule—developed largely to give full and fair consideration where a petitioner appears pro se—the claims alleged are viewed in the light of the entire official record.[3] It must be borne in mind that there is a presumption of validity accorded to the record of the proceedings resulting in the judgment of conviction unless a jurisdictional defect appears on the face of the record.[4] In a habeas corpus proceeding, extrinsic evidence submitted in support of a petition which contradicts the facts disclosed by the record is inadmissible to establish a jurisdictional defect.[5] Since no error affecting the jurisdiction of the court appears on the face of the record, and since the accuracy thereof is neither challenged by petition nor can be contradicted by extrinsic evidence, the facts shown in the record must control. The fatal deficiency of the petition is that the allegation that his plea was induced by promises or threats is in direct conflict with petitioner's testimony when he entered the plea.

Before petitioner was arraigned, two counsel were appointed to represent him. One was appointed from the local bar and one, a resident of Sioux City, Iowa (also petitioner's residence), was appointed as an associate, presumably at petitioner's request. After the information was read, the court, upon inquiry, was informed that both counsel had had an opportunity to confer with him. Thereupon, the following occurred:

"THE COURT: Mr. Becker, from what Mr. Mott and Mr. Brown have told you, do you feel that you know what your rights are and the possible consequences of a plea of guilty?

"THE DEFENDANT: Yes sir.

"THE COURT: Have any promises been made to you if you would make a plea of guilty?

"THE DEFENDANT: No sir.

"THE COURT: Has the County Attorney or anybody else promised you leniency if you would plead guilty?

---

[3]Minn. St. 589.04(6); State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N. W. (2d) 79.

[4]State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657.

[5]Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314; Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

"THE DEFENDANT: No.

"THE COURT: How do you plead to the charge?

"THE DEFENDANT: Guilty."

Thereafter, petitioner was sworn and he was asked the usual presentence questions. The record shows that he unequivocally admitted forging the check described in the information and that he "got the value" therefor. He also admitted that about the same time he forged and passed an identical check in Murray County and that restitution had been made for that check. He indicated that his family might assist him in making restitution for the check giving rise to the charge. The sham and frivolous character of petitioner's present claims is demonstrated by the fact that not only his plea but his testimony directly conflicts with the present claim of an involuntary plea and his innocence.

■ The substance of petitioner's allegation of collusion is that he was inadequately represented because his counsel improperly influenced him to plead guilty. This claim is also clearly inconsistent with his testimony. He had the benefit not only of local counsel but also of counsel of his own choosing. Both were at his side during the critical period of the proceedings when he was arraigned, entered his plea, and confirmed his guilt by answering questions put to him by the court, the county attorney, and his own counsel. Following his testimony, a presentence investigation was ordered. Upon receipt of that report over 2 months later, an indeterminate sentence of not exceeding 5 years was pronounced. His local counsel, Mr. Mott, was present. Apparently the court was unaware of any necessity for the presence of associate counsel from Iowa. There is no suggestion that any request that he be present was made and refused. Nor is there any claim that petitioner or his counsel was prevented from addressing the court before sentence was pronounced. Petitioner's complaints are simply that Mr. Brown was not present and that he himself was not invited to address the court. These contentions amount to no more than bare assertions of incompetence and impropriety and, at best, express petitioner's present personal dissatisfaction with the tactics employed. Claims of this nature do not constitute a deprivation of any fundamental rights and cannot be questioned

in a habeas corpus proceeding.[6] We are unable to understand why a recidivist charge was not filed against petitioner, for the prosecution's neglect to follow up the disclosures in petitioner's postplea testimony does lend some feeble support to his claim of collusion.[7] However, petitioner was the sole beneficiary. Apparently at that time, although not presently, he fully appreciated his exposure not only to possible increased punishment but also to a prosecution for the forgery admittedly committed in Murray County. When viewed in this light, the superficial, rather than the substantial, character of these remaining claims is emphasized.

We hold that the trial court was justified in dismissing the petition without an evidentiary hearing for the record as a whole compels a factual determination that defendant voluntarily entered his plea and acknowledged his guilt of the crime charged and, therefore, his allegations that he was denied due process are sham and frivolous.

Affirmed.

---

[6]State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1; State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657.

[7]Concerning the mandatory duty to file a recidivist charge, see State ex rel. Hines v. Tahash, 263 Minn. 217, 116 N. W. (2d) 399.