## STATE v. MARVIN KENNETH ROY.*

122 N. W. (2d) 615.

June 21, 1963—No. 38,942.

*Marvin Kenneth Roy,* pro se, and *Mitchell & Pierce,* for appellant.
*Walter F. Mondale,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from an order of the District Court of Hennepin County dismissing a petition for writ of error coram nobis.

An information was filed in said court September 27, 1954, charging petitioner with the crime of forgery in the second degree. He appeared

_____

*Certiorari denied by U. S. Supreme Court December 16, 1963.

for arraignment on the same date. The record discloses the following proceedings:

"MR. DRETCHKO: The state moves the arraignment of this defendant.

"THE CLERK: An Information has been filed against you under the name of Marvin K. Roy. What is your middle name?

"MR. ROY: Kenneth.

"THE CLERK: Charging you with the crime of forgery in the second degree on or about the 16th day of September, 1954, in the city of Minneapolis, Hennepin County. What is your birth date?

"MR. ROY: April 20, 1934.

"THE CLERK: Do you have an attorney?

"MR. ROY: No."

On examination petitioner said that he had no money with which to retain an attorney and the court forthwith appointed Mr. Lewis Lohmann, public defender, to represent him. The court also entered a plea of not guilty for petitioner. On September 28, 1954, petitioner appeared with counsel and withdrew his prior plea of not guilty and entered a plea of guilty as charged. The matter was then referred for pre-sentence investigation.

On October 26, 1954, petitioner again appeared and after examination by the court was sentenced to the custody of the Youth Conservation Commission at St. Cloud for the maximum term prescribed by law or until discharged by due course of law or competent authority. He was paroled, later arrested, and on September 12, 1960, was found guilty of assault in the second degree and sentenced to a maximum term of three years in the state penitentiary, said sentence to commence at the expiration of the prior sentence.

This appeal is based on alleged noncompliance with the requirements of Minn. St. 630.10 and 630.11.

Section 630.10 provides:

"If the defendant shall appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel."

Section 630.11 provides:

"The arraignment shall be made by the court, or by the clerk or county attorney under its direction, and shall consist in reading the indictment to the defendant, and delivering to him a copy thereof and of the endorsement thereon * * *."

Petitioner's principal contention after an interval of more than eight years is that the clerk of the district court at the time of arraignment failed to fully read the information to him so as to inform him of the crime with which he was charged. However, the record of the court's questions and petitioner's answers at the presentence examination shows that he fully understood the nature of the crime with which he was charged. A portion of the record reads as follows:

"Q   Now, this is forgery in the second degree. This is in connection with a check which you made out. This check was a check for $15.00, did you write that check?

"A   Yes, I passed it, yes, I wrote it.

"Q   Who made it out?

"A   I did.

"Q   And you made out a check, you made out the check and signed the name, G. S. Stone?

"A   Yes.

"Q   Then there was an endorsement, Marvin K. Roy, 4212 Clark Avenue?

"A   Yes.

\*     \*     \*     \*     \*

"Q   You passed some other checks, didn't you?

"A   Yes.

"Q   Did you cash one at Donaldson's and using the name, Charles A. Litfich?

"A   Yes, I don't know which department it was.

"Q   Did you cash a check at Dayton's using the name, A. J. Whittier?

"A   Yes.

\*     \*     \*     \*     \*

"Q   Of course, it goes without saying that you knew that that was wrong, of course, didn't you? There isn't any question about that?

"A   No."

■ The foregoing admissions completely negate petitioner's allegations. The portions of the transcript set forth above indicate substantial compliance with the statutory mandate. See, State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149. We have repeatedly held that, while it is better practice to conform to the letter of the arraignment statutes, failure to do so does not go to the court's jurisdiction. State v. McDonnell, 165 Minn. 423, 206 N. W. 952; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99.

■ In his brief petitioner proposes that his application for writ of error coram nobis is proper because he—

"* * * is precluded from using the writ of habeas corpus in that the judgment and sentence which he attacks is now satisfied. He is presently serving a three year sentence imposed subsequent to the case in issue."

A determination of which of the two sentences he is serving would be immaterial, for petitioner is mistaken in his remedy. Only recently we exhaustively considered the function of the writ of error coram nobis, and in doing so, fully and finally declared its purpose. In State v. Tellock, 264 Minn. 185, 194, 118 N. W. (2d) 347, 352, we stated:

"* * * If the petition fails to state an error of fact which, if brought to the attention of the court, could have led to a different judgment, it is insufficient to invoke the writ. *Errors of law may not be reviewed by the writ since they are a part of the record and not extrinsic to it.*" (Italics supplied.)

On this appeal petitioner alleges only errors of law which would properly have been raised on appeal. Further, by his plea of guilty while represented by counsel, petitioner admitted all facts well pleaded. State v. Cage, 264 Minn. 196, 117 N. W. (2d) 919; State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277.

■ Nearly 9 years have now elapsed since the original arraignment took place. The judgment of conviction, dated October 26, 1954, states that—

"* * * the said defendant Marvin K. Roy on the 27th day of Septem-

ber A. D. 1954 being then before said Court in open Court in his own proper person gave his true name as Marvin Kenneth Roy and was then and there duly arraigned upon said information and thereupon pleaded not guilty. Thereafter and on the 28th day of September, 1954, Deft. withdrew his plea of not guilty and entered a plea of guilty as charged, before the Hon. D. E. LaBelle, Judge."

We have held that petitioners must pursue their rights with reasonable diligence or be barred. See, State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 185, 106 N. W. (2d) 560, 562, certiorari denied, 365 U. S. 848, 81 S. Ct. 816, 5 L. ed. (2d) 816.

It is suggested in the dissenting opinion that we order a hearing in this case to determine whether or not petitioner was in fact furnished with a copy of the information and whether it was read in open court in his presence or the reading waived. The judgment of conviction, heretofore quoted, establishes prima facie that the arraignment was regular and in compliance with the statute. Petitioner's bald assertions in his brief, without more, are insufficient to overcome the presumption of regularity which attaches to the judgment of a court. State ex rel. May v. Swenson, 242 Minn. 570, 574, 65 N. W. (2d) 657, 660; People ex rel. Welch v. Slattery, 179 Misc. 899, 38 N. Y. S. (2d) 11; Smith v. Lawrence (5 Cir.) 128 F. (2d) 822, certiorari denied, 317 U. S. 633, 63 S. Ct. 62, 87 L. ed. 510.

We fail to see what useful purpose would be served in granting a hearing on this petition. The information the dissent would grant a hearing to obtain could have been supplied by an affidavit accompanying the petition or by an affidavit on this appeal, had petitioner chosen to furnish one. All matters here presented are unsubstantiated allegations and assertions, thinly supported by a poorly composed record.

While the record here does not indicate formal compliance with the statute, ordering further action in this matter would, in the words of Mr. Justice Matson in State ex rel. Schwanke v. Utecht, 233 Minn. 434, 436, 47 N. W. (2d) 99, 101, be "exalting the shadow of a meaningless technicality for substance." In that case appellant alleged that he was sentenced without a plea of guilty or without a verdict of guilty by the

jury. In affirming the conviction the court made the following statement (233 Minn. 436, 47 N. W. [2d] 101):

"* * * Although the record may not contain, as it should, a formal plea of guilty, an adjudication of guilt based on such a plea is not subject to attack if the record of the proceedings leading to the sentence of the accused unmistakably establishes that he did in fact plead guilty."

Since the purpose of formal arraignment is to inform a defendant of the nature and elements of the crime with which he is charged, it is sufficient if the record indicates substantial compliance resulting in notice. While courts should strive for procedural perfection, our decisions concerning arraignment have never demanded it. Arraignment, in this state, is not from the standpoint of due process a critical stage of the proceedings, State ex rel. Adams v. Rigg, *supra,* as it has been held to be in other jurisdictions. See, Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114. In 5 Dunnell, Dig. (3 ed.) § 2439a, the law is stated as follows:

"A formal arraignment is not a requirement of due process of law. Objection to the want of a formal arraignment may be waived by failing to make timely objection."

Cited in support of that statement are Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772, and 27 Harv. L. Rev. 760.

In State v. Barnett, 193 Minn. 336, 340, 258 N. W. 508, 509, one of defendant's many assignments of error was: "The clerk's records do not show that defendant had his statutory and constitutional rights of proper arraignment and notice of the charge against him." The record contained the following stipulation (193 Minn. 342, 258 N. W. 510): "On the 20th day of November, 1933, the defendant herein voluntarily surrendered and was duly arraigned in the district court of Hennepin County * * *." Without other comment we said that the stipulation effectively did away with defendant's claim.

In People v. Hall, 186 Misc. 62, 64, 58 N. Y. S. (2d) 581, 583, the New York court held that the word "duly" in the record stating that the accused was "duly arraigned" means "according to law" and does not

relate to form merely, but includes form and substance. The court said (186 Misc. 65, 58 N. Y. S. [2d] 583):

"The proof submitted by the defendant, consisting as it does solely of his own statements, is insufficient, in view of the record of the court and statements of others, to justify a finding that upon his arraignment, over fifteen years ago, the proceeding was not 'duly' and legally conducted."

In State ex rel. Williams v. Rigg, 256 Minn. 568, 569, 99 N. W. (2d) 450, 452, the petitioner, in a habeas corpus proceeding, contended, among other things, that his conviction was unlawful because he was tried and convicted without having entered any plea to the charge in the indictment. The court disposed of this contention as follows:

"The relator was represented by the public defender, who was not present in court when the relator was arraigned. The trial judge therefore told the relator, 'I will enter a plea of not guilty, in your behalf * * *.' He was not asked to enter a formal plea nor did he do so. The trial proceeded without any objection by the relator or his counsel to this omission. There is no claim that the relator was not fully informed of the nature of the offense with which he was charged. This court has never before passed on the question whether the due process of law guaranteed by U. S. Const. Amend. XIV and by Minn. Const. art. 1, § 7, demands that an accused be required to enter a plea upon arraignment on a criminal charge. There is, however, ample authority from courts of other jurisdictions that the right to plead is waived when the accused appears at the trial of the merits of his case, represented by counsel, and fails to call the attention of the court to the omission of a plea. E. g., Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772; People v. Weeks, 165 Mich. 362, 130 N. W. 697; Holt v. State, 84 Okl. Cr. 283, 181 P. (2d) 573. See, also 22 C. J. S., Criminal Law, § 408. The relator's trial in this case proceeded in all respects as if he had entered a formal plea of 'not guilty.' We agree with the district court in this action that the relator has waived any objections to want of arraignment or plea."

In 14 Am. Jur., Criminal Law, § 252, this statement is made:

"The formalities once attendant on the arraignment of a prisoner are

not now required. It is sufficient if that which is done amounts, in substance, to an arraignment; and if, as a matter of fact, there is an arraignment prior to the impaneling of the jury, but a failure to make a minute of it, a record thereof may be made, by order of the court, nunc pro tunc."

See, also, State ex rel. Rajala v. Rigg, 257 Minn. 372, 101 N. W. (2d) 608, where this court held that the presumption of regularity which envelops a judgment justifies the inference that both relator and his counsel did what was intended in entering the plea of guilty, and that, except as limited by public policy, a person may waive any legal right, constitutional or statutory.

In Beaty v. United States (4 Cir.) 203 F. (2d) 652, 653, Chief Judge Parker said:

"The first ground urged is that the court proceeded with the trial without a formal arraignment and without a plea to the bill of indictment. This contention seems to be based upon the fact that the arraignment and plea do not appear in the stenographer's notes of the trial. The District Judge has specifically found, however, that plea of not guilty was duly entered by defendant upon his arraignment in open court, that such plea was entered by the clerk upon his original record and was referred to by the judge in his charge to the jury. We are bound by this finding; but, even if this were not so, it is well settled that arraignment and plea were waived by going to trial. Garland v. State of Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772; Rulovitch v. United States, 3 Cir., 286 F. 315; Williams v. United States, 6 Cir., 3 F. 2d 933; King v. United States, 6 Cir., 25 F. 2d 242."

Viewing petitioner's allegations in the most favorable light, we find that they are without merit.

Affirmed.

OTIS, JUSTICE (dissenting).

Although on petitioner's first appearance the state moved that he be arraigned and charged with forgery in the second degree committed on September 16, in the city of Minneapolis, he was not in fact arraigned on that date because he had no attorney. However, the court on its own

initiative and for reasons not apparent in the record, entered a plea of not guilty on petitioner's behalf. The next day, when petitioner appeared with counsel, the assistant county attorney stated the following:

"Roy, you are charged with forgery in the second degree and you entered a plea of not guilty. Do you desire to withdraw that not guilty plea and enter a plea of guilty as charged?," to which the defendant answered, "Yes."

The majority holds that the county attorney's statement, "[Y]ou are charged with forgery in the second degree," constitutes a valid arraignment and substantially complies with the statute because of admissions made by petitioner *after* the plea of guilty was entered.

Under our statute an arraignment consists of furnishing defendant with a copy of the information and reading it to him before the plea is entered, unless the reading is waived. The record does not show compliance with any of these requirements. I respectfully submit that under no theory can a conviction be sustained without a valid arraignment, however damning defendant's subsequent admissions may be. In neither State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99, nor State v. McDonnell, 165 Minn. 423, 206 N. W. 952, cited by the majority, did we discuss the question of whether defendant was furnished with a copy of the information or had it read to him, or waived the reading.

If we hold that petitioner's statements in a presentence examination are adequate to supply the deficiencies in an arraignment, conceivably remarks made by a defendant after he is committed and in custody may next be held sufficient for that purpose.

I take issue with the majority's statement that "arraignment in this state is not, from the standpoint of due process, a critical stage of the proceedings." We have very recently indicated that the law is otherwise. In State ex rel. Becker v. Tahash, 265 Minn. 458, 462, 122 N. W. (2d) 100, 103, we referred to the arraignment and plea as "the critical period of the proceedings."[1] The Adams case,[2] cited by the ma-

---

[1]See, also, Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114, and White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193.

[2]State ex rel. Adams v. Rigg, 252 Minn. 283, 287, 89 N. W. (2d) 898, 902.

jority, does not specify in what manner that defendant alleged his arraignment was defective, but states that the formality of arraignment is sufficient to meet the requirements of the statute *if the information is read* to the accused and he pleads to the information as so read.

Whether or not the court followed the procedural steps specified in Adams is precisely the question which I suggest the court can only determine after a hearing, in view of the verbatim transcript which shows no arraignment in fact occurred.

The majority would permit the reporter's typewritten transcript, showing petitioner was not properly arraigned, to be impeached by a printed recitation on a form signed by the clerk which shows that he was "duly arraigned."

Even in pronouncing sentence the court made no mention of the allegations in the information on which the conviction was based. The court merely committed petitioner to the Youth Conservation Commission "as punishment for the crime of forgery in the second degree."

I would remand and grant petitioner a hearing to determine whether he was in fact furnished a copy of the information and whether it was read or the reading waived, as required by law.

MURPHY, JUSTICE (dissenting).
I concur in the dissenting opinion of Mr. Justice Otis.

ROGOSHESKE, JUSTICE (dissenting).
I concur in the dissenting opinion of Mr. Justice Otis.