## STATE EX REL. JULIUS WEICH v. CITY OF RED WING AND ANOTHER.[1]

July 20, 1928.

No. 26,630.

**Complaint not void for duplicity.**
    1. The criminal complaint was not void for duplicity. An objection on that ground must be taken at or before trial or it will be considered as waived.

**Right of appeal may be denied to violator of city ordinance.**
    2. A violation of the city ordinance was an offense against the city, and a right of appeal may be denied.

**In certiorari certified record is conclusive.**
    3. In certiorari proceedings, the record certified by the tribunal whose proceedings are under review is conclusive.

[1]Reported in 220 N. W. 611.

**Defendant's right to have counsel.**

4 (a)   It is not the duty of a justice of the peace to advise the defendant that he is entitled to have assistance of counsel in his defense.

**When defendant's right of review is waived.**

(b)   Where defendant acquiesces in a judgment of conviction or when he complies in whole or in part therewith, there is a waiver of the right of review.

Certiorari, 11 C. J. p. 206 n. 82.
Criminal Law, 16 C. J. p. 348 n. 43; p. 380 n. 8; 17 C. J. p. 48 n. 30.
Indictments and Informations, 31 C. J. p. 761 n. 25; p. 875 n. 2.
Municipal Corporations, 43 C. J. p. 465 n. 27; p. 466 n. 44; p. 478 n. 2.

Relator appealed from an order of the district court for Goodhue county, Schultz, J. quashing a writ of certiorari and remanding him to the custody of the sheriff for recommitment to the county jail. Affirmed.

*Jesse A. Schunk,* for appellant.

*Thomas Mohn* and *Horace W. Mohn,* for respondents.

HILTON, J.

Appeal from an order of the district court dismissing and quashing a writ of certiorari and remanding relator, Weich (hereinafter referred to as defendant), to the custody of the sheriff of Goodhue county, to be recommitted to the county jail of said county.

Defendant was convicted on May 25, 1927, before a justice of the peace upon a complaint charging that he "did unlawfully and wrongfully use toward * * * Swart, threatening and abusive language tending to a breach of the peace, by then and there in the presence and within the hearing of said Swart calling said Swart a" (here follow a number of vile and slanderous words) "and said Julius Weich did then and there unlawfully and wrongfully point a gun at said Swart and threatened to shoot said Swart and did then and there commit other acts violating the peace and quietness. All contrary to the form, force and effect of Ordinance number 40 of said City [Red Wing] and the amendments thereto."

On such conviction, defendant was sentenced to the Goodhue county jail for 60 days and to pay costs amounting to three dollars. The costs were at once paid, but he was not committed to jail until July 11, 1927. On August 2, 1927, a writ of certiorari was issued out of the district court which ordered a desisting from all further proceedings under the commitment and judgment until the hearing and determination upon the writ. On October 13, 1927, the district court made findings of fact that the conviction and sentence of the defendant were sustained by the evidence and that said conviction and sentence were in all things regular, within the jurisdiction of said justice court and valid. An order was then made dismissing the proceedings in the district court and dismissing and quashing the writ and remanding the defendant to the custody of the sheriff for commitment to the county jail, there to serve out the balance of his sentence. This appeal was then perfected. The assignments of error, in so far as necessary, will be considered in their order.

1. It is claimed that the court erred in dismissing and quashing the writ for the reason that the complaint was double and charged two or more offenses. Although the complaint could not be recommended as a model, still it is not subject to the objection made. The gravamen of the charge is a breach of the peace. The charge is based upon one continuous transaction, all of the matters enumerated tending to and constituting a breach of the peace, which under the ordinance, separately or together, constituted a misdemeanor. State v. Greenwood, 76 Minn. 207, 78 N. W. 1044, 1117; State v. Gopher T. & R. Co. 146 Minn. 52, 57, 177 N. W. 937. It is to be noted that an objection as to the duplicity must be taken before or at the trial or it will be considered as waived, and also that in the petition for the writ there is no claim of duplicity. State v. Marshall, 155 Minn. 247, 193 N. W. 165; State v. Isaacson, 155 Minn. 377, 379, 193 N. W. 694, and cases cited. The case of City of St. Paul v. Marvin, 16 Minn. 91 (102), cited by defendant, is not in point for the reason that in that case two offenses were charged in the alternative.

2. The home rule charter of the city of Red Wing provides that [c. 3, § 14]:

"No appeal shall be allowed from any judgment or ruling of any Justice of the Peace of said city, rendered or made in any action or prosecution for any violation of this act, or of any ordinance, by-law or regulation of said city, or any police or health regulation of said city. Nor shall any writ of certiorari issue in any such case."

It is claimed that this provision violates §§ 2 and 5 of art. 6 of the state constitution relating to the jurisdiction of the supreme and district courts.

The objection is without merit. The violation of a city ordinance is not an offense against the state but only against the municipality enacting the ordinance, and the right of appeal may be denied. State ex rel. Strupp v. Anderson, 165 Minn. 150, 206 N. W. 51; City of Red Wing v. Nibbe, 160 Minn. 274, 199 N. W. 918. The question as to the validity of the provision in the ordinance prohibiting the issuance of a writ of certiorari need not be determined here for the reason that such a writ was issued.

3. The return made upon the writ shows that the defendant was brought before the justice on May 20, 1927, and entered a plea of not guilty and the case was adjourned to May 21, and on that day adjourned to May 25, at which time defendant appeared, a trial was had, and defendant convicted. A commitment was issued July 11, on which date defendant was incarcerated in the county jail. The justice, in his return, certified that the defendant appeared with his wife and three children on May 25 and stated that he was ready for trial. A summary of the evidence on behalf of the city and of the defendant was given in the return. In certiorari proceedings the record certified by the tribunal whose proceedings are under review is conclusive. State ex rel. Sholund v. City of Duluth, 125 Minn. 425, 147 N. W. 820.

4. Complaint is made because the justice did not advise defendant that he had a right to have assistance of counsel. Art. 1, § 6, of the constitution guarantees an accused the right to have the assistance of counsel in his defense. It was not incumbent upon the justice so to advise him. Various adjournments were taken and an ample opportunity afforded defendant to secure counsel.

In the home rule charter of the city of Red Wing and in an ordinance adopted thereunder, it is provided that when any person shall be convicted of violation of an ordinance, in addition to the penalty prescribed, he shall be adjudged to pay all the costs and disbursements of the prosecution. Authorities hold that where a defendant on conviction acquiesces in the judgment or when he complies in whole or in part therewith, there is a waiver of the right of review. (Voluntary payment of fine) State v. Peoples Ice Co. 127 Minn. 252, 149 N. W. 286, Ann. Cas. 1916C, 618; (payment of costs) State v. Massa, 90 Kan. 129, 132 P. 1182; 17 C. J. 28, and cases cited.

The findings and conclusions reached by the trial court were correct.

Order affirmed.