## STATE v. ADNA C. MARTIN.[1]

April 3, 1947.

No. 34,287.

---

[1]Reported in 27 N. W. (2d) 158.

*Walter R. Nelson* and *Nathan A. Cobb,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

MAGNEY, JUSTICE.

Defendant, on a tab charge, was convicted without a jury by the municipal court of Minneapolis of the offense of unlawfully selling intoxicating liquor without a license, contrary to the provisions of a city ordinance. Defendant appeared in person and as attorney *pro se.* He was given a 90-day workhouse sentence. This appeal is from the judgment of conviction and from an order denying his motion for a new trial. No stenographic reporter was present at the trial. The court settled the case in keeping with the evidence introduced and conformable to the truth.

■ Defendant operates a grocery store. On Sunday, April 28, 1946, just before noon, two police officers, after some conversation with one Hugo Bertelson, handed him four one-dollar bills. They thereupon saw him enter defendant's store. In about two minutes he came out and handed the officers a pint of "Old Boston" whiskey and 50 cents change. The officers and Bertelson then entered the store, and Bertelson identified defendant as the man who had sold him the liquor. Bertelson stated in the presence of defendant and the officers that he paid defendant $3.50 for the bottle of whiskey and that he had purchased a bottle of whiskey from defendant "last night" for $3.50. The bottle of whiskey was offered and received in evidence. At the trial, Bertelson testified that he had purchased whiskey from defendant two times prior to April 28. The tab charge accused defendant of unlawfully selling liquor on April 28. Defendant admitted on the stand that Bertelson entered his store at the time in question and said that he gave him and two other men who

were in the store when Bertelson entered a drink of whiskey, but denied that he sold Bertelson any liquor. The two men were called as witnesses by defendant and testified that defendant did not sell Bertelson any liquor and that they did not see Bertelson pay any money to defendant. The two officers made a search of the place and found no intoxicating liquor. On the evidence as above detailed, the court found defendant guilty and sentenced him. Defendant claims insufficiency of evidence to convict. There is clearly sufficient evidence to sustain the judgment of the trial court.

■ Defendant makes several other assignments of error. The one urged most strongly is that the court erred "in denying defendant's motion for a new trial made upon the ground of the deprivation of defendant's right to have the assistance of counsel in his defense." Defendant was arrested on April 28 at about noon, and the case came up for trial the following day. He claims that he was deprived of his constitutional right to have the assistance of counsel in his defense. Minn. Const. art. 1, § 6, provides:

"In all criminal prosecutions the accused shall enjoy the right * * * to have the assistance of counsel in his defense."

The trial court states in a memorandum attached to his order denying a motion for a new trial that no request was made by defendant for a continuance either to obtain counsel or to prepare his case for trial, that he told the clerk he was ready for trial, and that he appeared as attorney *pro se* and presented two witnesses in his behalf. He makes no claim that he was misled or that he did not understand.

Minn. St. 1945, § 611.07,[2] provides:

"When a defendant shall be arraigned upon indictment or information for any felony or gross misdemeanor and shall request the court to appoint counsel to assist in his defense, and satisfied it by his own oath or other required proof that he is unable, by reason of poverty, to procure counsel, the court shall appoint counsel, not exceeding two, for such defendant, * * *."

[2]See, M. S. A. § 611.07, and cf. Mason St. 1927, § 9957.

This statute expressly applies only to felonies and gross misdemeanors. It has no application to misdemeanors under the statutes or violations of municipal ordinances, such as here.

By Minn. St. 1945, § 630.10,[3] it is provided:

"If the defendant shall appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel."

This statute, of course, has no application to appearances for trial on charges of violations of municipal ordinances. Arraignments are in district court on indictment or information.

In State ex rel. Weich v. City of Red Wing, 175 Minn. 222, 225, 220 N. W. 611, 612, this court said:

"Complaint is made because the justice did not advise defendant that he had a right to have assistance of counsel. Art. 1, § 6, of the constitution guarantees an accused the right to have the assistance of counsel in his defense. It was not incumbent upon the justice so to advise him. Various adjournments were taken and an ample opportunity afforded defendant to secure counsel."

Since § 630.10 applies only to arraignments, the matter of adjournments is immaterial. It should be said, however, that, irrespective of statute, situations may arise where a trial judge in a municipal court could very properly, and should, make such suggestion to defendant. Here, however, we have a man engaged in business, who presumably knows his way about.

Even in a felony case, if accused is competent to defend himself adequately, he may waive his right to counsel and conduct his own defense. Dietz v. State, 149 Wis. 462, 136 N. W. 166, Ann. Cas. 1913C, 732. In 14 Am. Jur., Criminal Law, § 174, it is stated:

"* * * However, a number of state courts have taken the view that the defendant's right to counsel is optional with him and that unless he claims his right and his request appears by the record to

---

[3]See, M. S. A. § 630.10, and cf. Mason St. 1927, § 10678.

have been denied by the court, no invasion of his right to counsel is disclosed."

And in 23 C. J. S., Criminal Law, § 979, we find:

"It is a constitutional right of a person accused of crime to have the assistance of, and to be heard by, counsel in his defense; but he may, ordinarily, waive this right and conduct his own defense."

In 1 Cooley, Constitutional Limitations (8 ed.) p. 700, note 2, we find this statement:

"The right to counsel is permissive and conditional upon the pleasure of the accused. 'Preferring the protection of the court or choosing to rely upon his own skill and ability, he may not desire the assistance of counsel.' " State v. Yoes, 67 W. Va. 546, 547, 68 S. E. 181, 140 A. S. R. 978.

In State v. Townley, 149 Minn. 5, 22, 182 N. W. 773, 781, 17 A. L. R. 253, we said:

"* * * Attention is called to section 6, art. 1, Minn. Const., but that section merely declares that the accused is entitled to have the assistance of counsel in his defense. Section 4947, G. S. 1913 [Minn. St. 1945, § 481.02], relating to the practice of law, recognizes the right of a party to appear in his own behalf in courts of record. That right undoubtedly exists independently of the statute."

In Carter v. Illinois, 329 U. S. 173, 67 S. Ct. 216, 91 L. ed. —, the accused had pleaded guilty of murder without the assistance of counsel and had been sentenced for 99 years. Later he brought a petition for his release, claiming that the conviction on which his confinement was based was vitiated by the denial of his right, under the Fourteenth Amendment, to the assistance of counsel. The supreme court of Illinois affirmed the original judgment of conviction. 391 Ill. 594, 63 N. E. (2d) 763. On writ of certiorari, the Supreme Court of the United States affirmed. In so doing the court said (329 U. S. 174, 67 S. Ct. 218, 91 L. ed. —):

"* * * Inherent in the notion of fairness is ample opportunity to meet an accusation. Under pertinent circumstances, the opportunity is ample only when an accused has the assistance of counsel for his defense. And the need for such assistance may exist at every stage of the prosecution, from arraignment to sentencing. This does not, however, mean that the accused may not make his own defense; nor does it prevent him from acknowledging guilt when fully advised of all its implications and capable of understanding them. Neither the historic conception of Due Process nor the vitality it derives from progressive standards of justice denies a person the right to defend himself or to confess guilt. Under appropriate circumstances the Constitution requires that counsel be tendered; it does not require that under all circumstances counsel be forced upon a defendant. United States ex rel. McCann v. Adams, 320 U. S. 220 [64 S. Ct. 14, 88 L. ed. 4]."

And further it said (329 U. S. 179, 67 S. Ct. 221, 91 L. ed. —) :

"* * * There are situations when justice cannot be administered unless persons charged with crime are defended by capable and responsible counsel. But there is nothing in the record before us to indicate that the circumstances made it necessary for Carter to have professional guidance other than that given by the trial court."

In a dissenting opinion, Mr. Justice Murphy makes the observation that in a capital case (329 U. S. 186, 67 S. Ct. 224, 91 L. ed. —) "the process of condemning human life is to be judged by standards higher than those applied to a prosecution for violation of a minor ordinance or regulation."

The constitutional provision simply means that accused may have an attorney if he wishes to provide one. In the instant case, there is nothing in the record to indicate that the court deprived defendant of his right to the assistance of counsel. He chose to defend *pro se* and called two witnesses in his own behalf. We find no merit in his contention that he is entitled to a new trial on the ground that he was deprived of his right to have the assistance of counsel.

The newly discovered evidence which defendant claims entitles him to a new trial has no bearing on any fact found in the record.

Judgment and order affirmed.

