STATE EX REL. RAY D. BUTLER v. EDWIN T. SWENSON.[1]

August 6, 1954.

No. 36,451.

[1]Reported in 66 N. W. (2d) 1.

*Ray D. Butler, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Lowell J. Grady,* Assistant Attorney General, for respondent.

DELL, CHIEF JUSTICE.

Upon relator's appeal from an order of the district court of Washington county denying his petition for the issuance of a writ of habeas corpus, respondent moves for a dismissal of the appeal.

On December 7, 1948, relator was arraigned in district court of Aitkin county upon an information charging him with committing the crime of rape on August 27, 1948. He entered a plea of not guilty and moved that the case be continued until the following term of court. Later that same day, relator's motion for a continuance was denied and the court set the case for trial for December 15. The trial commenced December 15 and a verdict of guilty was returned on December 16. Relator was sentenced to imprisonment in the state prison at Stillwater, as provided by statute, where he is now confined.

Subsequently, relator petitioned for a writ of habeas corpus, which petition was denied by the district court of Washington county on

June 2, 1954. The grounds alleged in the petition for the writ were as follows: (1) Refusal of the trial court to subpoena witnesses from outside the state; (2) denial of relator's motion for a continuance of the trial; and (3) incompetence of the attorney appointed for relator by the court.

■ On December 7, the day of the arraignment, relator informed the court that three witnesses, which he claimed were necessary to prove his innocence, resided outside the state and that he did not have the money to pay their transportation expenses to Minnesota. The court thereupon stated that it lacked power to subpoena witnesses outside the state. Relator contends that under M. S. A. 634.07 a procedure is provided for bringing in out-of-state witnesses from those states which have a similar statute, and he claims that his witnesses then resided in states which had similar statutes although the record before us shows that he could not then definitely inform the court in which state they were then present.

Section 634.07 does provide a means whereby out-of-state witnesses may be summoned to appear in Minnesota, but it also provides that such witnesses are to be paid the sum of five dollars for each day they are required to travel and attend as witnesses plus mileage at ten cents a mile. It clearly appears from the record that relator was willing to have these out-of-state witnesses procured pursuant to this statute *only* if the state were willing to pay the necessary statutory expenses, and that relator's concern was not primarily to compel their presence through court action but rather to secure their presence *at the expense of the state.*

While this court has not yet had occasion to interpret this statute, decisions from other states which have enacted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings[2] have made it clear that that act does not authorize a court to order the state or county to pay such statutory expenses

[2]Section 634.07 is substantially identical with § 3 of the uniform act, except for certain provisions unimportant to the disposition of this case.

of the witness.[3] As the court stated in State v. Blount, 200 Ore. 35, 48, 264 P. (2d) 419, 425:

"* * * If the Circuit Court should order the state or the county to pay the expenses of a witness subpoenaed in another state when the legislature has not authorized it to do so it would not be devising a mode of proceeding for carrying out jurisdiction conferred by the legislature, but it would be exercising an unauthorized jurisdiction."

We adopt the reasoning of these cases and hold that, even if the record were sufficient to bring the relator within the purview of the statute, which need not be decided here, neither § 634.07 nor any other statutory or constitutional provision of this state requires the state of Minnesota, at its expense, to secure the attendance of out-of-state witnesses to testify in behalf of an accused.

■ Relator contends that the trial court's denial of his motion for a continuance constituted a denial of due process, on the ground that he was thereby forced to accept an attorney appointed by the court only two days before the date of trial. The record discloses that relator was held in the county jail from August 27, the date of his arrest, until the date of trial, thus giving him ample opportunity to obtain counsel. On December 7, he was twice advised of his right to counsel and was told by the court that counsel would be appointed for him at state expense, but at that time relator distinctly waived his right to counsel and expressly informed the court that he did not care to have an attorney appointed. In this situation the court set the case for trial on December 15. It was not until December 13 that relator requested the court to appoint counsel and this was promptly done that same day. Had relator accepted the court's offer of counsel on December 7, his attorney would have had eight days to prepare for trial. Section 630.36 provides that a defendant is to have at least four days to prepare for trial after entering his plea. Here the court allowed relator eight days of

---

[3]State v. Fouquette, 67 Nev. 505, 221 P. (2d) 404, certiorari denied, 341 U. S. 932, 71 S. Ct. 799, 95 L. ed. 1361; State v. Blount, 200 Ore. 35, 264 P. (2d) 419; see, 14 Am. Jur., Criminal Law, § 166.

preparation before trial. That he did not have a court appointed attorney to represent him during the full eight-day preparation period was because of his own choice. It is clear that relator has no legal justification for his contention that he was deprived of adequate time for the preparation of his defense.

An accused has the right to waive his right to counsel and appear in his own defense under our state constitution.[4] It is also clear that the due process requirements of U. S. Const. Amend. XIV, as well as those of Minn. Const. art. 1, § 7, are satisfied if counsel is appointed in sufficient time to assure an adequate preparation of the defense.[5] The record conclusively shows that relator conferred with his attorney on the day of the appointment and relator and his attorney had the following day in which to prepare for trial. It is well established that where the trial court has jurisdiction of the offense and of the defendant a judgment will be held void for want of due process only where the circumstances surrounding the trial are such as to make it a sham and a pretense rather than a real judicial proceeding.[6] Here the record is barren of any indication that the trial was not conducted in a manner reflecting competent preparation by counsel appointed for relator. Furthermore, the fact that at the time of the imposition of sentence relator's attorney expressed the opinion that the trial had been fair substantiates our conclusion that the time interval between appointment of counsel and the commencement of the trial was not so brief as to constitute a deprivation of due process.

█ Relator also maintains that he is entitled to the issuance of a writ of habeas corpus on the ground that the incompetence of his attorney amounted to a deprivation of due process.

It is the well-settled law of this state that a *new trial* may be granted in exceptional cases where the accused was deprived of a fair trial because of the misconduct, fraud, or incompetence of his

---

[4]State v. Martin, 223 Minn. 414, 27 N. W. (2d) 158.

[5]See, 5 Dunnell, Dig. (3 ed.) § 2441a.

[6]State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229.

attorney.[7] It is equally well settled that a writ of habeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent court which had jurisdiction over the defendant and the subject matter,[8] and this principle is applicable even though defendant has permitted the time for appeal to elapse.[9] Here the court acquired jurisdiction over relator when he appeared before the court and entered his plea, and the court obtained jurisdiction of the subject matter under the complaint and information.[10] It has been held that it is not a ground for habeas corpus that the counsel appointed to represent a defendant made a mistake or was negligent or gave bad advice to his client.[11] Relator's remedy under our practice was to move the court for a new trial at the proper time on the grounds specified. Questions which should be determined at the trial or in a motion for a new trial or reviewed through some other regular legal procedure have no place in a habeas corpus proceeding.[12]

Relator has not been denied due process of law, and since he is being detained in prison by virtue of the final judgment of a competent court, the remedy of habeas corpus does not lie here.[13] Accordingly, the motion to dismiss relator's appeal from the order denying the issuance of a writ of habeas corpus is granted.

Motion to dismiss appeal granted.

---

[7]State v. Lindstrom, 180 Minn. 435, 231 N. W. 12; State v. Gleeman, 170 Minn. 197, 212 N. W. 203.

[8]State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

[9]State ex rel. Schwanke v. Utecht, *supra*.

[10]State ex rel. Schwanke v. Utecht, *supra*.

[11]Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627; Helms v. Humphrey (D. Minn.) 63 F. Supp. 4.

[12]Shaw v. Utecht, *supra*.

[13]See, § 589.01.