## STATE v. ALBERT G. MOOSBRUGGER.

116 N. W. (2d) 68.

June 8, 1962—No. 38,489.

*Flanagan, Campbell & McGraw*, for appellant.

*Robert J. Swords,* Corporation Counsel, and *Gerald C. Rummel,* Assistant Corporation Counsel, for respondent.

Rogosheske, Justice.

This is an appeal from a judgment of conviction entered by the St. Paul municipal court for driving under the influence of alcohol in violation of Minn. St. 169.121 of the Highway Traffic Regulation Act.

Defendant, a 21-year-old college student, was arrested at 2:30 a. m. on Sunday, May 21, 1961, and charged by a complaint with the above violation. He posted bail and was released. On Monday, May 22, at 9 a. m. he appeared before the municipal court and entered a plea of guilty. He was sentenced to 30 days in the workhouse, imprisonment of not less than 10 days nor more than 90 days being mandatory under § 169.121, subd. 4, upon conviction of a second offense.[1] At his request, execution of the sentence was stayed until June 2, 1961, to enable him to complete final examinations for his junior year at college.

The record established that defendant's mother attempted to secure counsel for him before his appearance on Monday morning but was unsuccessful. Before he entered his plea, defendant neither informed the court of the efforts made by his mother nor made a request for a continuance to obtain counsel. He had no previous experience in "any type of legal proceeding involving a lawyer." There is no verbatim record of the proceeding at which his plea of guilty was received.

On June 2 defendant, appearing with counsel, moved the court to vacate the judgment and to allow him to withdraw his plea of guilty and enter a plea of not guilty. The motion was addressed to the discretion of the court and was based upon claims that he was not represented by counsel; that when he entered his plea of guilty he was unaware of the statute requiring mandatory imprisonment for a second offense; and that upon investigation and advice of his counsel, he believed the prosecution's proof might be insufficient because it would rest mainly on the opinion of the arresting officers. Although he was aware of his right to counsel, he further asserts that upon his "ar-

---

[1]Defendant had been previously convicted upon his plea of guilty of the same offense on May 3, 1961, at Falcon Heights and fined $100.

raignment" the court failed to ask him if he desired the aid of counsel, as he claims is required by § 630.10.

The state contends that § 630.10 has no application to a prosecution for a misdemeanor in municipal court, as defendant was not arraigned upon an indictment or information, and further that defendant was a "man of experience" regarding the offense charged and in no way indicated to the court a desire for counsel. The state also claims that, although the testimony of the officers is still available, the urine specimen was destroyed upon defendant's plea of guilty, and the state would now be prejudiced in its proof if the motion were granted.

The court, while acknowledging that there was not compliance with § 630.10, denied the motion, primarily on the basis that this statute has no application to prosecutions for misdemeanors in municipal court and also because defendant was "aware of the charge against him and was aware of his guilt or innocence at that time."

While we can readily agree that defendant was aware of the charge and apparently was possessed of a feeling of guilt at the time of his plea, we cannot agree that the statute has no application.

We must bear in mind that we are not concerned with a denial of the constitutional right to assistance of counsel but with the application of § 630.10. It provides:

"If the defendant shall appear for *arraignment* without counsel, he shall be informed by the court that it is his right to have counsel before being *arraigned*, and shall be asked if he desires the aid of counsel." (Italics supplied.)

The application of this statute has been previously considered in only a limited variety of criminal cases. This court has quite frequently considered its application to criminal prosecutions for felonies in the district court.[2] It has twice been held inapplicable to prosecutions in municipal court for a violation of a municipal ordinance. State v. Martin, 223 Minn. 414, 27 N. W. (2d) 158; State ex rel. Weich v. City

---

[2] State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886; State ex rel. Thomas v. Rigg, 255 Minn. 227, 96 N. W. (2d) 252; State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198.

of Red Wing, 175 Minn. 222, 220 N. W. 611. This is the first instance where the problem of its application to a prosecution in municipal court for a violation of a provision of the Highway Traffic Regulation Act is squarely presented.

Essentially the problem is one of ascertaining legislative intent. The statute became a part of our criminal procedure in territorial days and its wording has remained substantially unchanged.[3] Its underlying purpose is to implement the constitutional right of an accused "in all criminal prosecutions" to "have the assistance of counsel in his defense."[4] Since the constitution does not require the court to inform the defendant of his right to counsel or ask if he desires such aid but merely declares the right, the legislature by this enactment imposed an affirmative duty on the court to alert the defendant to his constitutional guarantee. In a real sense the statute extends the constitutional provision by requiring not only that defendant be informed of his right to the assistance of counsel, but that he be asked if he desires to avail himself of that right. Few trial judges have not experienced the frustrations which are provoked by the answers to this question. In recent years numerous cases, usually habeas corpus proceedings, have required this court and many others to pass upon the record of conviction where it is claimed either that the questions of the court or the answers of the defendant are insufficient to demonstrate that the rights of the defendant under the constitution or the statute or both have been fully respected by the court.[5] Nevertheless the language of the statute is clear and, as it is a safeguard of an integral part of individual freedom constitutionally guaranteed under due process, it should be scrupulously followed in every criminal prosecution.[6]

---

[3]Rev. Stat. [Terr.] 1851, c. 120, § 101.

[4]Minn. Const. art. 1, § 6.

[2]State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886; State ex rel. Redenbaugh v. Rigg, 255 Minn. 281, 96 N. W. (2d) 555; State ex rel. Thomas v. Rigg, 255 Minn. 227, 96 N. W. (2d) 252; State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; State v. McDonnell, 165 Minn. 423, 206 N. W. 952.

[6]State ex rel. Schwanke v. Utecht, *supra;* State v. McDonnell, *supra.*

■ No one, least of all the defendant or the state, would disagree that this is a criminal prosecution concerned with a most serious offense. Defendant was charged with a violation of a statute now unquestionably regarded as criminal in nature and designed for the protection of the whole state.[7] In such proceedings it is elementary that the defendant has a right to all the constitutional and statutory safeguards which would be painstakingly accorded him were he being prosecuted for a felony.

■ The state concedes that this is a criminal prosecution within the meaning of the constitution but argues that the constitutional provision has never been held to require that a defendant be informed of his right to have the assistance of counsel in a prosecution for a misdemeanor. We agree. Such is also the case in a felony prosecution.[8] The constitution only declares the right. It is the statute which imposes the duty to inform and inquire. We are not dealing with a denial of the constitutional right. This is neither claimed nor supported in the record. We are concerned with the narrow question of whether or not the statute applies to this type of criminal prosecution. We believe it was intended to apply and should apply.

The key word is "arraignment." Did the legislature intend it to have a special technical meaning which applies only to prosecutions under indictments or informations, as urged by the state? The word "arraign" means "to accuse of wrong." In general usage, as applied to criminal law, "arraignment" has come to mean the calling of an offender to the bar of the court to answer the charge against him.[9] Upon any principles of statutory construction there appears no persuasive reason to support the state's view. Although the word is used in the statutes more often with reference to pretrial criminal proceedings under indictment,[10] those provisions also apply to accusations

---

[7]Minn. St. 169.03; State v. Hoben, 256 Minn. 436, 98 N. W. (2d) 813.

[8]State ex rel. Welper v. Rigg, *supra;* State ex rel. Schwanke v. Utecht, *supra.*

[9]Caldwell v. United States (8 Cir.) 160 F. (2d) 371; Harmon v. State, 8 Ala. App. 311, 62 So. 438; State v. Brock, 61 S. C. 141, 39 S. E. 359; Webster's Third New International Dictionary (1961) p. 120.

[10]§§ 630.01, 630.02, 630.11, 630.13, 630.19, 630.22, 630.37.

under information.[11] Although the classification of Minn. St. c. 630, made by the revisor of statutes, places only sections dealing with prosecutions under indictments under the heading "arraignment," this heading is not part of the statute and therefore is of slight aid to the state in its position. On the other hand, arraignment is used as a subheading in regard to justice courts.[12] The St. Paul Municipal Court Act, with exceptions not applicable here, makes criminal procedure in that court the same as in district courts.[13] The general laws relating to municipal courts contain a provision of similar effect.[14] The criminal register used in the St. Paul municipal court for May 22, 1961, records, "The defendant, having been duly arraigned, entered a plea of guilty * * *." Upon principle and reason we conclude that "arraignment" as used in § 630.10 means the initial appearance of an accused before a committing court to answer the charges brought against him.

■ The court, in denying defendant's motion, relied on State v. Martin, *supra*. It is urged by the state that this case and State ex rel. Weich v. City of Red Wing, *supra*, should control. In both cases the prosecutions were for a violation of a municipal ordinance. In the Martin case we held that § 630.10 has no application. Although the language used in that case might indicate that the statute applied only to prosecutions in district court upon indictment or information, the holding should not be so extended. Since the Martin and Weich decisions we have had occasion to examine the intrinsic character of prosecutions under municipal ordinances. We have held those to be sui generis. In State v. Ketterer, 248 Minn. 173, 177, 79 N. W. (2d) 136, 139, we said:

"Although prosecutions for violations of municipal ordinances are

---

[11]§ 628.30; see, State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898.

[12]§ 633.08.

[13]L. 1961, c. 436, § 10; 27 M. S. A. 1961 Pocket Part, § 488A.27, subd. 1.

[14]L. 1959, c. 660, § 17, as amended by L. 1961, c. 229, § 1; § 488.17, subd. 1.

intrinsically criminal in nature, within the literal meaning of the term 'criminal prosecutions' as used in Minn. Const. art. 1, § 6, it does not follow that the constitutional guarantee applies to them. They fall outside the constitution, not because they are non-criminal, but purely for historical reasons."

In Lynch v. Republic Publishing Co. 40 Wash. (2d) 379, 243 P. (2d) 636, the Washington court held a statute similar to ours not applicable to a prosecution upon a complaint in municipal court. The Weich and Martin cases are cited with approval. In view of the historically unique character of prosecutions for a violation of an ordinance in our state, we decline to so extend the holding of our former decisions. We conclude that the Martin and Weich cases are distinguishable and the holding of each should be limited to its facts. It might be observed that good practice in such prosecutions, when punitive ordinances are involved, would be to adhere to the spirit of § 630.10.

The remaining question is whether or not the acknowledged error of the trial judge prejudiced the substantial rights of defendant. The question is close and from the record one could only speculate concerning what the defendant might have answered had he been asked if he desired the aid of counsel. Following the intention expressed by the trial judge to resolve any doubt in defendant's favor, we believe there should be a reversal. Our main reason for this conclusion is that the error of the trial court, in believing the statute inapplicable, so infected the decision that had the judge determined the statute to be applicable, the motion to vacate would most likely have been granted. The prejudice to the state is not so disastrous as claimed when evidence of the results of scientific tests for intoxication is not mistakenly equated as a complete substitute for the equally persuasive direct evidence of the arresting officer.

Judgment reversed.