STATE, Respondent v. HEMMENWAY, Appellant

(120 N.W.2d 561)

(File No. 9983. Opinion filed March 28, 1963)

**Robert W. Gunderson,** Rapid City, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., **Joseph Bottum, III,** Asst. Atty. Gen., Pierre, for Plaintiff and Respondent.

RENTTO, J.  This is a criminal case.  The defendant was found guilty of the crime of rape involving a girl under the age of 18 and was sentenced to 15 years imprisonment.  His appeal from the judgment is prosecuted by court-appointed counsel who, by appointment, had also represented him at his two trials.

According to the state's evidence, the complaining witness on October 17, 1960, was visiting in the home of a cousin in Rapid City, South Dakota.  It was her first occasion to be in the city.  Apparently she lived at Wanblee on the Pine Ridge Indian Reservation.  About mid-afternoon of that day the defendant, who was unknown to the complainant or any of the persons in her cousin's home, came there and made inquiry about a named girl whom none of them knew.  He told them he was looking for a baby-sitter.  After some discussion complainant agreed to act in that capacity.

She and the defendant drove away in his automobile stopping at the edge of the city where he purchased two bottles of beer.  He then drove out of the city some 30 miles east and north where he pulled off the road and stopped his car.  At that place he forced her into the back seat of his automobile and had sexual intercourse with her.  They returned to downtown Rapid City early that evening and when the defendant got out of his car for a moment, she ran to a phone booth and called the police.  Her call was answered promptly after which she was taken to the hospital for medical examination and treatment.

On arraignment he entered pleas of not guilty and not guilty by reason of insanity.  Early in the morning of October 12, 1961, which was the fourth day of his first trial, the jury reported that it was unable to agree and was discharged.  On October 16th the state moved that a date be set for the retrial of the defendant at the pending term of court.  He resisted the motion and asked that it be put over the term.  His request was denied and the motion of the state granted.  Before the retrial which began on November 6th the defendant withdrew his plea of not guilty by reason of insanity and stood on his plea of not guilty.  On the retrial he was convicted.

He argues here that the court erred to his prejudice in

ordering him to be retried at the same term of court. We do not share that view. The court's action was expressly authorized by SDC 1960 Supp. 34.3658, which provides:

"In all cases where a jury is discharged or prevented from giving a verdict, by reason of an accident or other cause except where the defendant is discharged during the progress of the trial or after the cause is submitted to them, the cause may be again tried at the same or another term, as the Court may direct."

This statute clothes the court with judicial discretion in directing the date of retrial. As with other discretionary matters such decision of the trial court may be disturbed only for a clear abuse of that discretion.

█ Defendant's opposition to a retrial at the same term was based on statements of his counsel that publicity given to his first trial made a fair trial impossible if retried at the same term. These assertions did not include any facts relevant to possible prejudice. They were only conclusions as to a matter with which we may assume the trial judge was equally familiar, having presided over the first tria¹ On this record we are unable to review the court's action. In ruling on the motion the court stated that an entirely new panel of sixty jurors would be called for the second trial. This apparently was done. The record shows that it was necessary to examine only thirty prospective jurors to get the retrial jury and one alternate. In the process eleven were excused for cause and defendant exercised only one peremptory challenge, the state exercised four. These subsequent circumstances seem to dispute the defendant's version of the situation.

█ █ At the opening of the retrial before the selection of the jury was begun the state asked and was granted permission to indorse the names of several additional witnesses on the information. The explanation made in support of this request was that the names of these witnesses had just recently been learned by the state. Defendant's objection was only that the prosecution in the exercise of diligence should have discovered these witnesses much sooner. When presented in this posture this court has uniformly held claimed error of this type to be unsubstantial. See cases collected in 5 West's Dak. Digest, Criminal Law, § 628 and

§ 1044. Without a claim and showing of prejudice there is nothing for review. If the defendant was surprised by the indorsement of the names of these new witnesses on the information, he should have moved for a continuance or postponement of the trial to prepare to meet their evidence.

■ At the first trial a Della Whiteley testified for the defendant. She was subpoenaed from the state of Michigan to appear as a witness pursuant to SDC 1960 Supp. 34.25—the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. Pennington County was ordered to pay her the mileage and daily fee prescribed in the Act. On October 23, 1961, after the first trial, defendant secured ex parte, a court order requiring the reporter to furnish him a transcript of the testimony given by Della Whiteley at the previous trial for use as evidence at the second trial. This also was at the expense of the county.

His motion to furnish the transcript alleged that the witness was then in Michigan and the cost of bringing her back to testify at the second trial was prohibitive and that he was destitute. Nevertheless, at the opening of the second trial defendant requested that this witness be again subpoenaed on behalf of the defendant and the charges paid by the county. This was denied but permission was given to read her former testimony. The denial of this motion is assigned as error.

It clearly appears from the record that defendant wanted this out-of-state witness subpoenaed pursuant to the statute only if her expenses were paid by the prosecution. He admitted he was destitute and did not suggest any other private source from which her expenses would be paid. As was the situation in State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N.W.2d 1, defendant's concern was not primarily to compel her presence through court action but rather to secure her presence at the expense of the state. The circumstances in which this motion was made suggest several reasons for approving the action of the trial court but we think there is a more fundamental reason why it had to be denied. Our law does not authorize courts to procure the attendance of out-of-state witnesses for the defendant in a criminal case at public expense.

While SDC 1960 Supp. 34.25 furnishes a procedure for securing the attendance of such witnesses at a trial and prescribes their compensation it does not provide that they shall be summoned on behalf of the defendant without expense to him. Nor is there anything in the Act that confers upon our courts authority to procure their attendance at public expense. This is the conclusion arrived at in the reported cases which have discussed this feature of the Uniform Act. State v. Fouquette, 67 Nev. 505, 221 P.2d 404; State v. Blount, 200 Or. 35, 264 P.2d 419, 44 A.L.R.2d 711; Vore v. State, 158 Neb. 222, 63 N.W.2d 141 and State v. Swenson, supra.

We think the provisions of SDC 1960 Supp 36.0401 lend significant support to this view. That section declares that in criminal cases the attendance and mileage fees of material witnesses for the defendant shall be paid by the county unless otherwise ordered by the court. But it further provides that if they come from outside the state they shall be paid mileage only from the place of trial to the point where such witness first entered the state.

■ ■ At the close of the state's case defendant pursuant to SDC 1960 Supp. 34.3650 moved for a directed verdict of acquittal on the ground of insufficiency of the evidence. He complained that there was a lack of proof as to the age of the complainant and the venue of the offense. The mother of the complaining witness testified that on the date of the offense her daughter was 17 years of age and that she was born on September 20, 1943. This was competent and proper evidence. 75 C.J.S. Rape § 58; 44 Am. Jur., Rape § 68. In connection with this testimony the jury also observed her physical appearance which they could consider in determining her age. Wigmore on Evidence, 3rd Ed., § 222.

■ It is evident that the complaining witness could not locate the place of the offense in a county, but she did recall the route they traveled and a distinctive highway sign near the place where the offense occurred, and was able to describe the area in general. On the day after the event she accompanied and directed a deputy sheriff to the area in question and pointed out to him the place where the act had been committed. He was familiar with the boundaries of Pennington County in that area and testified that the location referred to was in that county. While there she also pointed out to him some paper tissue on the ground

which she had used to clean herself after the act. We think this evidence was competent and sufficient on the question of venue. 22A C.J.S. Criminal Law § 612.

■ ■ On these two matters the defendant's argument seems to question the credibility of the State's evidence more than its competency. It is not within our province to determine the weight of the evidence or the credibility of the witnesses. That is the function of the trier of the facts. On review we will not disturb the jury's determination unless we can say that the evidence as a matter of law is insufficient to justify the verdict. We are unable to do that as to the items in question.

■ Complaint is also made of rulings on several other evidentiary matters. We have given these consideration and believe that they present no error that was prejudicial. Other assignments concern matters which are not a part of the record as settled. Consequently they are not presented for review. We have painstakingly studied the record and are convinced that defendant was afforded a fair trial and that his conviction is amply supported by the evidence. Unfortunately for him the jury, as was its right, chose to believe the witnesses for the state.

Affirmed.

All the Judges concur.