STATE v. FLORA CAMPER.
ROGER CATHERWOOD, RELATOR.

130 N. W. (2d) 482.

August 28, 1964—No. 39,299.

*Alderson, Catherwood, Kelley & Ondov* and *Roger Catherwood,* for relator.

*Wallace C. Sieh,* County Attorney, and *Fred R. Kraft,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Relator is an attorney at law appointed by the district court to represent defendant, Flora Camper, in a prosecution for larceny. The order which is here for review deals with relator's right to attorney's fees.

In the spring of 1963 relator represented defendant in connection with civil litigation arising out of her conversion of various articles of furniture in her possession as lessee. On May 24, 1963, defendant appeared with relator in the municipal court and was arraigned on a charge of grand larceny in the second degree, a felony under Minn.

St. 622.06. She requested that the court appoint counsel, alleging she was indigent, and on May 27, 1963, relator was designated to represent her. Bail of $200 was posted and defendant released.[1] On May 31 relator conferred with the prosecutor and secured a continuance of the preliminary hearing. On June 5, 1963, the charge was reduced from a felony to a misdemeanor under § 621.22. Thereafter defendant was tried and convicted in municipal court and a suspended sentence of 90 days was imposed.

Relator continued to represent defendant throughout all of these proceedings and submitted a statement for his fees and expenses to the court for its approval and for payment by the county pursuant to § 611.07, subd. 1. The court disallowed compensation for all services rendered by relator subsequent to the reduction of the charge, asserting in an accompanying memorandum that the statute makes no provision for attorney's fees under such circumstances.

We are urged by relator to extend the doctrine of Gideon v. Wainright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799, 93 A. L. R. (2d) 733, to indigent misdemeanants.[2] However, we do not find it necessary to reach that question since in our opinion all of the services rendered by relator stemmed from his appointment under § 611.07. Under the new criminal code, to hold otherwise could arguably have the paradoxical effect of diminishing the attorney's right to compensation in proportion to the success of his representation. Specifically, as the code now reads, from and after September 1, 1963, the degree of the crime is determined by the sentence imposed and not by the offense alleged in the indictment. L. 1963, c. 753, § 609.13, reads:

---

[1] The record does not disclose the source of the bail money, but the question is left open whether a defendant who is rendered indigent by posting bail is entitled to counsel at public expense.

[2] See, also, Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. ed. (2d) 811, rehearing denied, 373 U. S. 905, 83 S. Ct. 1288, 10 L. ed. (2d) 200; State v. Martin, 223 Minn. 414, 27 N. W. (2d) 158; State v. Dahlgren, 259 Minn. 307, 107 N. W. (2d) 299; State v. Moosbrugger, 263 Minn. 56, 116 N. W. (2d) 68; Kamisar and Choper, *The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations,* 48 Minn. L. Rev. 1, 62.

"Convictions of felony; when deemed misdemeanor or gross misdemeanor:

"Notwithstanding a conviction is for a felony:

"(1) The conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02; or

"(2) The conviction is deemed to be for a misdemeanor if the imposition of the sentence is stayed, the defendant is placed on probation, and he is thereafter discharged without sentence."

Were we to adopt literally the state's reasoning, an attorney in a felony prosecution who is successful either in securing for his client a sentence not exceeding 90 days[3] or probation or both would be denied all compensation because the conviction is deemed to be for a misdemeanor, whereas the attorney whose client is given a term of imprisonment is confronted with no such embarrassing dilemma.

Whether or not the new code will be thus construed, we hold that regardless of the ultimate disposition of a felony case, once appointed, counsel has a duty to continue his representation until the matter is concluded and is entitled to compensation for all of such services rendered.

Reversed.

---

[3]This would have been a permissible sentence under Minn. St. 622.06.