**In the Matter of the WELFARE OF the CHILD OF L.F.**

**L.W., Child.**

**No. C8–01–52.**

Court of Appeals of Minnesota.

Feb. 12, 2002.

794

---

Leonardo Castro, Chief Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, for appellant.

Amy J. Klobuchar, Hennepin County Attorney, Mary Martin Lynch, Assistant Hennepin County Attorney, Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, HANSON, Judge, and FOLEY, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

Appellant mother L.F., appeals the district court's denial of her motion to vacate a default termination of her parental rights on the basis that (1) the default termination of her parental rights deprived her of due process of law because she did not receive notice that she must appear at the hearing; and (2) the district court abused

its discretion by not reopening the default judgment. Because we conclude that due process requires that a pretrial hearing notice must adequately notify parents that their presence is required at a pretrial termination hearing, termination of L.F.'s parental rights by default violates due process and the district court's denial of her motion to vacate is reversed and remanded.

## Facts

Appellant mother L.F., gave birth to L.W. on July 22, 1999. At delivery, L.F. tested positive for cocaine, opiates, and marijuana, while L.W. tested positive for cocaine and opiates. L.W. was born with life-threatening medical conditions requiring a heart and lung bypass operation. L.F. admitted to chemical dependency to crack cocaine and heroine, and pursuant to a Children in Need of Protection Services (CHIPS) petition, L.W. was placed in alternative custody upon her release from the hospital in August 1999.

L.W.'s CHIPS petition and L.F.'s prior delinquency case were consolidated, and the district court developed a case plan to address both. L.F. complied with the court ordered case plan until May 2000 when the delinquency action was dismissed. Subsequently, L.F. failed to submit to the case plan requirements, failed to visit L.W., and failed to keep in contact with her social worker.

On September 19, 2000, L.F. failed to attend the CHIPS hearing. She was then personally served with notice of a November 19, 2000, 9:00 a.m. hearing. Although her counsel was present, L.F. again failed to attend the November 2000 hearing, and the court proceeded in default. After

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

hearing testimony from L.F.'s social worker and mother, the district court entered a default judgment terminating L.F.'s parental rights. At approximately 10:15 a.m., minutes after the proceeding concluded, the district court observed L.F. in the courthouse and told that her parental rights had been terminated.

L.F. moved to vacate the default judgment. The district court denied the motion, and L.F. now appeals the district court's denial of her motion to vacate the default judgment.

## Issue

Were L.F.'s due process rights violated at a pretrial termination of parental rights hearing where the notice for the hearing did not contain language requiring the parents to be present?

## ANALYSIS

### I.

For the first time on appeal, L.F. argues that entry of a default judgment as a result of her absence from the pretrial hearing violates her right to due process because she was (1) not afforded a full hearing or trial before termination of her parental rights at a pretrial hearing; (2) not afforded proper notice that her parental rights could be terminated if she failed to appear at the pretrial hearing; and (3) denied effective assistance of counsel because her counsel could not have been effectively prepared for trial at the pretrial hearing.

■ Generally, the failure to raise an issue at the district court is waiver of the issue on appeal. *See In re Welfare of C.L.L.*, 310 N.W.2d 555, 557 (Minn.1981). However, this court may address issues beyond those presented by the parties at the district court as necessary in the "interests of justice," but review may be limited by the parties failure to preserve the issues for appeal. Minn. R. Civ.App. P. 103.04. Issues may be reviewed for the first time on appeal "where to decline to review would work an injustice or infringe upon a constitutional right." *Hyduke v. Grant*, 351 N.W.2d 675, 677 (Minn.App. 1984). The issues raised by L.F. on appeal are constitutional and the record is adequate to allow this court to address the issue despite L.F.'s failure to raise it at the district court. In this particular circumstance we exercise our limited discretion under Minn. R. Civ.App. P. 103.04, and review the issues raised by L.F. because it is in the best interest of justice.

■ A district court may enter a default judgment in a parental termination case when a parent fails to appear at a hearing. *In re Children of Coats*, 633 N.W.2d 505 (Minn.2001). In *Coats*, the parent was aware of the consequences of her absence because she had previously signed a notice at the courthouse clearly indicating not only that her presence was required but her absence would result in default proceedings. When she still failed to appear, her rights were terminated by default. *Id.* at 509–10.

■ In order for the district court to proceed in default, the parent's notice of the hearing is required to contain a statement explaining that failure of the parents to appear at the hearing could result in an entry of a default judgment and termination of their parental rights. Minn. R. Juv. P. 54.01; *see also* Minn. R. Juv. P. 69.03, subd. 3e. In contrast, L.F.'s notice contained no statement that she must appear and that her failure to appear could result in the termination of parental rights by entry of default. We conclude that L.F.'s notice did not provide her adequate notice that failure to appear could result in the termination of her parental rights.

 Counsel may substitute for the presence of parents. Minn. R. Juv. P. 72.02, subd. 1. However, L.F. was not represented by counsel at the pretrial hearing. Her counsel initially appeared, but requested withdrawal from the case. The district court granted her attorney's request to withdraw and proceeded with the hearing. The absence of counsel coupled with a notice that did not explicitly notify the parents that their personal failure to appear would result in termination of their parental rights, leaves the interests of the parents unprotected. A proceeding lacking the protection of a party's interests and rights cannot be considered a "real judicial proceeding." *Coats*, 633 N.W.2d at 512 (quoting *State ex rel. Butler v. Swenson*, 243 Minn. 24, 28, 66 N.W.2d 1, 4 (1954)).

Consequently, the district court's denial of L.F.'s motion to reopen is reversed and the case is remanded.

## DECISION

Because the district court proceeded in default without notice to L.F. that her absence could result in the termination of her parental rights deprived L.F. of her due process rights, the district court's denial to reopen the judgment is reversed and the case is remanded.

Reversed and remanded.