In the Matter of the WELFARE OF the Child of L.F.: L.W., Child.

No. C8–01–52.

Supreme Court of Minnesota.

April 18, 2002.

Rehearing Denied June 10, 2002.

ORDER

BLATZ, Chief Justice.

The Hennepin County Children, Family and Adult Services Department petitions for review of the decision of the court of appeals reversing a district court order denying respondent L.F.'s motion to vacate a default judgment terminating her parental rights to her daughter, L.W. The court of appeals held that the summons notifying L.F. of a September 19, 2000, hearing on the petition for termination of parental rights did not comply with Minn. R. Juv. P. 54.01 because it failed to provide notice to L.F. that her parental rights could be terminated by default if she failed to appear at the hearing. The court of appeals also held that the district court's entry of default judgment violated due process because it did not adequately protect L.F.'s rights and interests and thus was not "a real judicial proceeding." *In re Child of L.F.*, 638 N.W.2d 793, 797 (Minn. App.2002) (quoting *In re Coats*, 633 N.W.2d 505 (Minn.2001)).

This court has reviewed the notice provided in the summons served with the petition for termination of parental rights and concludes that it satisfied the requirements of Minn. R. Juv. P. 54.01. The summons stated that L.F. was required to appear at the hearing and specifically provided that if she failed to appear the court would conduct the hearing and "may order your parental rights * * * be terminated."

We further conclude that, consistent with this court's decision in *Coats*, the default judgment terminating L.F.'s parental rights did not violate due process. The district court conducted an evidentiary hearing on the petition to terminate parental rights and heard testimony from L.F.'s social worker, the guardian ad litem, and L.F.'s mother, all of whom testified in support of termination of L.F.'s parental rights. The district court's decision to terminate parental rights was based on L.F.'s failure to correct the conditions leading to out-of-home placement and her neglect of L.W. while L.W. was in foster care, not on L.F.'s failure to appear. As in *Coats*, the circumstances of the default proceeding "did not constitute a sham or a hoax" and it was "a real judicial proceeding." 633 N.W.2d at 512.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition for review is granted, the court of appeals' decision is reversed, and the district court order denying the motion to vacate the judgment terminating L.F.'s parental rights is reinstated.

BY THE COURT:
/s/ Kathleen A. Blatz
Kathleen A. Blatz
Chief Justice

PAGE, Justice (dissenting).

For the same reasons stated in my dissent in *In re Coats*, 633 N.W.2d 505 (Minn. 2001), I respectfully dissent.