STATE EX REL. THOMAS H. ALEXANDER v.
DOUGLAS C. RIGG.

76 N. W. (2d) 478.

April 6, 1956—No. 36,852.

*Thomas H. Alexander,* pro se.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of Minnesota State Prison.

FRANK T. GALLAGHER, JUSTICE.

Application to this court by Thomas H. Alexander for writ of habeas corpus. Writ denied.

Thomas H. Alexander petitions this court for a writ of habeas corpus on the grounds that he has been denied rights under U. S. Const. Amend. XIV; Minn. Const. art. 1, §§ 6, 7, 12, and M. S. A. 595.02 (4), 611.08.

He contends that he is being unlawfully imprisoned and detained; that the judgment of conviction is illegal and therefore void; and that his petition to plead guilty and his plea of guilty were not made voluntarily. In connection with this he claims that he was confined at the Fergus Falls State Hospital on April 15, 1948; that he was secretly removed from that hospital on September 24, 1948; and that he was never given a certificate of discharge.

The record is confusing with respect to the defendant's whereabouts from March 27, 1948 (the date which was supposed to terminate his release on personal recognizance of his attorney), until the date of the hearing for sentencing, May 14, 1949. At this hearing the county attorney, among other things, stated to the court that the defendant was committed to the State Hospital at Fergus Falls, and discharged therefrom on November 4, 1948, and that he was then remanded to the county jail of Mahnomen County, Minnesota. At another point in this hearing the defendant's attorney stated that defendant had been committed to the hospital for six months but at that time and at no future time did they plan to use that as a defense.

At another point in the transcript there appears a statement by the court to the effect that defendant has been confined to jail since October 27, 1948, and a further question by the court to the defendant, "You have had quite a little time to think this matter over then, haven't you?"

The only other evidence in that record which pertains to defendant's confinement in the state hospital are two letters received by the court as State Exhibits 1 and 2. The first letter is from the county attorney to the superintendent of the state hospital at Fergus Falls, Minnesota. In this letter he states the rule for determining criminal responsibility and asks for the doctor's opinion as to the criminal responsibility of the defendant. The second letter is in

response to the first and in it the superintendent states that the defendant was a former patient and that he doubted whether he could be classified as insane in the common sense of the term and that he would consider that defendant has sufficient capacity to distinguish between right and wrong and also to understand the nature of his acts and their consequences.

The defendant further claims in his petition that the county kept him in jail for eight months and during this time constant pressure was applied on him to force him to plead guilty and that the county attorney offered him a stayed sentence. At another point in his petition he alleges that in January 1949, the sheriff of Mahnomen County on instructions of the county attorney visited him in jail and stated among other things that if defendant dared to go to trial he could predict the jury's decision, because he was personally acquainted with the jurors, and if they did not send petitioner to prison the judge would. He then claims that the sheriff advised him to plead guilty and get down to Stillwater and to start serving time. Petitioner further alleges that at this time he was without the aid of counsel.

In coming to our decision in this case we have not overlooked certain cases handed down by the United States Supreme Court, such as Powell v. Alabama, 287 U. S. 45, 57, 53 S. Ct. 55, 60, 77 L. ed. 158, 164, in which it has been held that where a defendant does have a constitutional right to counsel in a criminal case it is a right to be represented at all stages of the proceedings; and Pennsylvania ex rel. Herman v. Claudy, 350 U. S. 116, 76 S. Ct. 223, 100 L. ed. ——, which is the most recent pronouncement of the United States Supreme Court in this connection. In that case the court held that, where a denial of such constitutional protection is alleged in an appropriate proceeding by factual allegations not patently frivolous or false, on a consideration of the whole record, the proceeding should not be summarily dismissed merely because a state prosecuting officer files an answer denying some or all of the allegations.

In the case at bar the petitioner's allegations have raised some very serious issues and it must be admitted that on the record these

issues are left unresolved. Necessarily however, under our view of this case, we cannot decide these issues and the case must be disposed of on other grounds.

M. S. A. 589.02 provides as follows:

"Application for such writ shall be by petition, signed and verified by the petitioner, or by some person in his behalf, to the supreme court, or to the district court of the county within which the petitioner is detained. Any judge of the court to which the petition is addressed, being within the county, or, if addressed to the district court, the court commissioner of the county, may grant the writ. If there be no such officer within the county capable of acting and willing to grant such writ, it may be granted by some officer having such authority in any adjoining county."

While it is true that this court as well as the district court has original jurisdiction over writs of habeas corpus, it is to be noticed that the last sentence of § 589.02 indicates an intent of the legislature that wherever possible petitioner should seek his writ of habeas corpus in the county where he is being detained. In re Doll, 47 Minn. 518, 50 N. W. 607. This is emphasized by the fact that under the statute if the petition is addressed to the district court of the county within which the petitioner is detained the court commissioner of that county may even grant the writ. It is only upon a showing that petitioner is being deprived of his rights by the refusal of the district court of the county in which he is detained to entertain and consider the petition and to make some judicial disposition thereof that this court will accept original jurisdiction.

This conclusion is reached of necessity in view of the fact that our court is not equipped to take testimony and to examine witnesses in the proceedings that would be required by entertaining original writs of habeas corpus in any and all cases. Nor does this court have funds to accomplish such purpose. It can readily be seen that this view is prejudicial to no one in that § 589.29 gives a petitioner the right to appeal to this court from a disposition of the district court made on petition.

The proper procedure to follow in cases of this kind is to petition the district court of the county in which the person is being detained. Should the district court deny the petition without a hearing or otherwise, then the order denying the petition may be appealed to this court under M. S. A. c. 589. This may be accomplished by filing a notice of appeal with the district court clerk and paying the filing fee. That clerk, in accordance with § 589.29, will then certify to the clerk of this court the petition, writ,[1] return of respondent, answer, if any, of the relator thereto, and the order appealed from. The case will then be placed on the calendar and the attorney general will submit a brief to this court setting forth the legal position of the state in regard to the issues raised by the petition.[2] If this court after examination of the petition, the record, and the brief of the attorney general feels that a hearing should have been granted in the district court, we will reverse the order denying the petition without a hearing and direct that a hearing be held.[3]

In this case petitioner alleges that he has already petitioned the District Court of the Nineteenth Judicial District and that such court has refused to act upon his petition by denying the same on the grounds that the petition was loosely drawn, ingeniously contrived, and cleverly phrased, "allowing an aura of truth." This court

---

[1] If denied summarily there would be no writ.

[2] Where in any of such cases the appellant is represented by counsel, he shall file the first brief.

[3] In connection with this we must clear up an ambiguity that might arise under § 589.30, which provides that the appeal to this court shall be tried and judgment rendered in the same manner as if the writ had originally issued out of this court. It is true we have held under this statute that the case comes before our court de novo. Guy v. Utecht, 216 Minn. 255, 12 N. W. (2d) 753. On the other hand we have held in State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441, that an appeal brings the case de novo, but instead of appointing a referee to take testimony on the petition we may decide whether the petition on its face presents a case for writ of habeas corpus, and if not we may deny the petition. It logically follows from this holding that if this court may on appeal deny the petition in this manner we could also reverse the district court and order that court to grant a hearing if the petition on its face indicates that such a hearing should have been granted.

has no way of knowing the truth of those allegations. In such a situation the district court should not deny the petition summarily without some kind of a hearing. If the petitioner in this case had appealed the order summarily denying the writ and the truth of the allegations were sustained, we would of course reverse that order and direct a hearing be granted.

Therefore, there is nothing for us to do under the circumstances here but deny the petition until relator acts in accordance with the requirements of this opinion.