STATE EX REL. VERNIT NELSON v. DOUGLAS C. RIGG.

107 N. W. (2d) 378.

February 3, 1961—No. 38,175.

*Vernit Nelson,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

NELSON, JUSTICE.

Vernit Nelson petitioned the district court for a writ of habeas corpus to obtain his release from custody. The district court denied the petition finding: (1) That the facts alleged in the petition and the grounds upon which the petitioner apparently relied were not sufficient to justify the issuance of the writ; and (2) that the petition was sham and frivolous and showed on its face that it had no merit.

It appears that the appeal to this court is filed under the practice established by State ex rel. Alexander v. Rigg, 247 Minn. 110, 114, 76 N. W. (2d) 478, 480. It is clear that the court below denied the petition without a hearing.

Relator is not represented by counsel here. This court may decide, even though an appeal brings the case here de novo, whether the petition, on its face, presents a case for issuing a writ of habeas corpus and, if not, may affirm the denial of the petition without reference in this court. State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441.

Relator's petition alleges the cause of his imprisonment and states that in the District Court of Hennepin County an information was filed on June 18, 1957, charging that he had committed the crime of indecent assault and that he was thereupon arraigned and pleaded not guilty.

The petition further shows that on July 1, 1957, relator appeared with his counsel, Mr. Paul Fisch, before the Honorable Theodore Knudson, Bruce Stone, assistant county attorney, appearing for the state. A transcript of that hearing shows that at that time relator was permitted to withdraw his plea of not guilty and to enter a plea of guilty. Thereafter relator's attorney stated to the court that he had on deposit $150 that relator and his family had put up so that he might be examined by a competent psychiatrist to be selected by the court in order to determine his difficulty. The court made the appointment. Relator was then questioned by the court and admitted that he had taken certain indecent liberties with a boy about 13 years old. He further admitted that four boys had been involved similarly with him over a period of 10 days at the place where he lived, while the family with whom he lived was away. The court ordered a presentence investigation report to be submitted together with a report from the psychiatrist.

A final disposition of the matter occurred on September 11, 1957, at which time the state moved for sentence on the information charging indecent assault and one prior conviction, to which relator entered a plea of guilty. After careful questioning of relator by the court, relator's counsel made the following statement:

"I have worked very hard with this boy. He and I have talked this over many times. He just tells me, Your Honor, he just can't control it no matter what he does and begged me for some way we could secure help. For that reason we asked the Court to appoint this doctor and the report shows that treatment is not going to do much good here. I have had to tell him that this morning after my discussion with you and I just don't know, the only hopes we have after we are through with this thing is probably apply to the Veterans to take him in, put him in one of their institutions after we have completed this.

That's the only hopes I have, and he realizes the same as we all do here, that when that time comes he is out, he cannot help himself, he will be back into it again. What I am trying to avert is this boy spending his life in one institution after another where he can't help himself, because in all other respects so far as I find he is very good. He works, he is industrious, he gets along, does a job, but just has this terrible affliction. That's all I can say. I have done the best I can and he has cooperated to the best of his ability I think."

The foregoing statement indicates the extent to which relator's counsel had sought to help him. In view of what the record discloses, it seems unbelievable that relator did not know of what he had been accused and that he was not aware of the contents of the information. On examination by the court, relator was asked: "Now at the time that you originally entered your plea of guilty we went into the nature of this offense, did we not?" He answered: "Yes, Your Honor."

Relator was sentenced to the State Prison at Stillwater until discharged by due course of law or by competent authority, the maximum, however, not to exceed 5 years. The court made it clear that it had taken into consideration one previous conviction, to which relator had pleaded guilty, and that the court could have doubled the normal term but did not see fit to do so in relator's case. The court in its remarks following imposition of the sentence indicated that he had before him a pathetic case, stating that the psychiatrist's report indicated that psychiatry had nothing to offer at the time whereby the accused might be treated on an outpatient basis. The court therefore believed the defendant should be sentenced and committed for treatment under a controlled environment.

Relator's petition for a writ of habeas corpus contains numerous statements by him to support his claim that his imprisonment is unlawful. They are 22 in number. No objection was made by relator at the time of his appearances before the court, including the time of sentencing, as to any irregularity in procedure. He does not allege any violation of statutory procedural rules whereby he might have been prejudiced and whereby error resulted which could not have been corrected by timely exercise of his right to appeal. State ex rel. Adams v.

Rigg, 252 Minn. 283, 89 N. W. (2d) 898. The record shows that relator was adequately represented by competent counsel. Sentence was not imposed by the court until after the defendant's admission of the truth of his prior conviction. State ex rel. Soward v. Rigg, 256 Minn. 140, 97 N. W. (2d) 468. Also see, State ex rel. Williams v. Rigg, 256 Minn. 568, 99 N. W. (2d) 450, where this court applied the doctrine of waiver although formalities in arraignment had not been observed to the extent they were in the instant case.

Relator's petition alleges that he was not aware of the contents of the information until 1960, but the record fails to bear him out as he indicated otherwise upon careful questioning at the time. A reading of the transcript of the proceedings before the district court on July 1, 1957, and September 11, 1957, clearly indicates that the grounds upon which the petitioner relies are not sufficient to justify the issuance of the writ. The finding of the court below that relator's petition was sham and frivolous and showed on its face that it had no merit is confirmed by the record. The findings and the order of the district court are in all respects affirmed and the writ denied.

Affirmed.