Donald A. BROWN, Petitioner,

v.

Honorable Warren E. LITYNSKI, Judge of District Court, et al., Respondents.

No. C4–88–1038.

Court of Appeals of Minnesota.

June 28, 1988.

Leif P. Carlson, Winzenburg & Halverson, Mankato, for petitioner.

Willis Gustafson, Nicollet Co. Atty., St. Peter, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER, and FORSBERG, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Brown seeks a writ of habeas corpus from this court, claiming a condition of his probation for a misdemeanor assault conviction was unconstitutional. He has not first petitioned for relief in the district court because respondent Judge Litynski is the judge sitting in Nicollet County, and Brown claims such a petition would be futile. Judge Litynski had ordered him to stay away from the home of the assault victim, also the mother of two of his children, as a condition of probation. Brown admitted visiting the residence on March 30 (the day of sentencing), when he got into an argument, and April 4, when he claims the victim asked him to babysit.

The judgment of conviction provides:

That defendant stay away from victim's residence unless they marry and shall remain current with support payments if required.

### DECISION

█ An appellate court may exercise original jurisdiction over a habeas corpus petition. Minn.Stat. § 589.02 (1986). However,

[i]t is only upon a showing that petitioner is being deprived of his rights by the refusal of the district court of the county in which he is detained to entertain and consider the petition and to make some judicial disposition thereof that this court will accept original jurisdiction.

*State ex rel. Alexander v. Rigg*, 247 Minn. 110, 113, 76 N.W.2d 478, 480 (1956). Because this court is ill-equipped to conduct evidentiary hearings, *id.*, an original petition to this court must show on its face the confinement is unconstitutional. *See Wojahn v. Halter*, 229 Minn. 374, 379–80, 39 N.W.2d 545, 548 (1950) (supreme court may exercise original jurisdiction in habeas petition if the lack of authority for the restraint appears on the face of the record).

█ Brown's petition fails to show either that his constitutional challenge has merit or that the trial court rejected it. There is no indication Brown challenged the condition at the sentencing hearing. At the revocation hearing, when Brown indicated an intent to challenge the condition of probation in this court, the trial court indicated "it might be an interesting decision," and "you might want to test that to the Court of Appeals [to] [s]ee if its a valid provision." While it might be futile to present a habeas corpus petition to the trial judge who has rejected the constitutional argument, habeas corpus is not an appropriate substitute for making the argument in the trial court. *See State ex rel. O'Neill v. Rigg*, 256 Minn. 293, 295, 98 N.W.2d 142, 144 (1959) (habeas corpus is not a substitute for appeal or a motion to correct or vacate).

As a geographical exclusion, the condition of probation appears valid. *See State v. Friberg*, 421 N.W.2d 376, 379–80 (Minn. Ct.App.1988) (condition that picketers stay 500 feet away from abortion clinic); *State v. Haynes*, 423 N.W.2d 102 (MinnCt.App. 1988) (condition that probationer avoid 1½ square mile area around drug house). The condition does not restrict Brown's constitutional right to associate through marriage. *Cybyske v. Independent School District No. 196*, 347 N.W.2d 256, 262 (Minn.1984), *cert. denied*, 469 U.S. 933, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984). Brown may associate with his children, or with the

victim, at another location during his probationary period.

Petition for writ of habeas corpus denied.