The SEVENTY–SEVENTH MINNESOTA STATE SENATE and the Seventy–Seventh Minnesota State House of Representatives, Petitioners,

v.

Arne H. CARLSON, Governor of Minnesota, and Joan Anderson Growe, Secretary of State of Minnesota, Respondents.

No. CX–91–1040.

Supreme Court of Minnesota.

June 20, 1991.

Peter S. Wattson (Senate Counsel), Joel T. Michael, St. Paul (Legal Services Coordinator), John French, Minneapolis, for petitioners.

Bruce Willis, Popham, Haik, et al., Minneapolis, for Governor Arne Carlson.

John Tunheim, Chief Deputy Atty. Gen., St. Paul, for Secretary of State.

KEITH, Chief Justice.

The Seventy–Seventh Minnesota State Senate and Seventy–Seventh Minnesota State House of Representatives have petitioned this court to exercise its original jurisdiction pursuant to Minn.Stat. § 480.04 (1990) to address the question of the effectiveness of attempted vetoes by the Governor of a number of bills passed by the Legislature and presented to the Governor for signature. *See* Minn. Const. art. 4, § 23; *State v. Hoppe,* 298 Minn. 386, 215 N.W.2d 797 (1974); *State ex rel. Putnam v. Holm,* 172 Minn. 162, 215 N.W. 200 (1927). We dismiss the petition and a pending motion to intervene.

While the parties have urged this court to exercise its original jurisdiction to decide this controversy, a reading of the petition and its response compels our conclusion that there exists a substantial dispute as to the facts underlying the matter—a dispute which, in accordance with our long-standing practice, must be resolved by traditional means. *See, e.g., Town of Burnsville v. City of Bloomington,* 264 Minn. 133, 117 N.W.2d 746 (1962) (where both the district court and the supreme court had original jurisdiction in quo warranto, the district court was viewed as the preferable forum where questions of fact existed); *State ex rel. Alexander v. Rigg,* 247 Minn. 110, 76 N.W.2d 478 (1956) (where both the district court and the supreme court had original jurisdiction over writs of habeas corpus, the proper procedure announced was to petition the district court for relief).

We are certainly aware of the immediacy and significance of the substantive issue presented. However, the procedure which we now designate as appropriate will, in our view, accomplish an expeditious resolution of the disputed facts and applicable law, thereby developing a complete record for effective appellate review, in the event an appeal is taken.

Accordingly, the petition is hereby dismissed to allow the parties to recommence this action pursuant to Minn.Stat. ch. 555,

the Uniform Declaratory Judgments Act, in the Ramsey County District Court. Upon the assurance and apparent agreement among the parties that all are interested in a prompt disposition, it is assumed that discovery will occur in a shortened period, limited only to those specific facts necessary to the trial court's consideration and disposition of the narrow issue raised. Similarly, it is assumed that all parties will mutually agree to an expedited submission to the district court and that the district court will promptly issue its findings of fact and conclusions of law. If any appeal from a final judgment is taken, this court will entertain a petition for accelerated review pursuant to Minn.R.Civ.App.P. 118.

Also pending in this court is a motion to intervene in these proceedings filed on behalf of the plaintiffs in *Cotlow, et al. v. Growe, et al.*, Hennepin County District Court File No. MX–91–1562, an action challenging the constitutionality of the legislation designed to accomplish a redistricting of the state. By virtue of our decision today, that motion should properly be presented to and considered by the district court and is also, accordingly, dismissed.

Petition and motion to intervene dismissed.

GARDEBRING, J., took no part.