*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0314**

Shannon Hollie, petitioner,
Appellant,

vs.

Lucinda E. Jesson,
Commissioner of Department of Human Services, et al.,
Respondents.

**Filed September 15, 2014
Affirmed
Schellhas, Judge**

Carlton County District Court
File No. 90-CV-13-2210

Shannon D. Hollie, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Anthony R. Noss, Assistant Attorney General, St. Paul, Minnesota (for respondents)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Raising issues concerning conditional release and predatory-offender registration, appellant challenges the district court's summary denial of his habeas-corpus petition. We affirm.

**FACTS**

In November 1989, appellant Shannon Hollie pleaded guilty to second- and third-degree criminal sexual conduct, and he received two concurrent sentences of 30 months' imprisonment. In September 1993, a jury found Hollie guilty of first-degree attempted murder and first-degree burglary, and he received a sentence of 240 months' imprisonment. Hollie challenged his 1993 conviction, arguing that his burglary conviction was not supported by sufficient evidence and that the district court erred by admitting prior-conviction evidence. This court affirmed in an order opinion. *State v. Hollie*, No. C5-93-2584 (Minn. App. Sept. 22, 1994). Hollie filed postconviction-relief petitions in January 2002, January 2006, and August 2007, and the district court denied each petition.

In February 2009, the district court indeterminately committed Hollie to the Minnesota Sex Offender Program (MSOP) as a Sexual Psychopathic Personality (SPP) and Sexually Dangerous Person (SDP). This court affirmed Hollie's commitment. *In re Civil Commitment of Hollie*, No. A09-0579, 2009 WL 2596071, at *1 (Minn. App. Aug. 25, 2009), *review denied* (Minn. Oct. 28, 2009), *cert. denied*, 560 U.S. 916 (2010).

In January 2010, Hollie filed a fourth postconviction-relief petition, arguing that his 1989 conviction was impermissibly considered as a factor in (1) "enhanc[ing]" his ten-year conditional-release period and (2) subjecting him to predatory-offender registration. The district court denied the petition, and this court affirmed in an order opinion. *Hollie v. State*, No. A10-1369 (Minn. App. Apr. 1, 2011), *review denied* (Minn. June 14, 2011).

In October 2011, Hollie petitioned for a writ of habeas corpus in federal district court. The federal court construed the petition as challenging Hollie's 1989 and 1993 convictions and sentences, including a ten-year conditional-release term that "was part of [his] 1993 sentence." *Hollie v. Jesson*, CIV. 11-3147 PJS/JJG, 2011 WL 6122315, at *1– 2 (D. Minn. Nov. 17, 2011), *report and recommendation adopted*, CIV. 11-3147 PJS/JJG, 2011 WL 6122306 (D. Minn. Dec. 8, 2011). Concerning Hollie's 1989 conviction and sentence and conditional-release challenge, the court denied Hollie relief on the basis that any "collateral consequence[]" that he might have been experiencing from that conviction and sentence "[did] not cause him to . . . be 'in custody' for his 1989 case for purposes of § 2254(a)." *Id.* at *3. Concerning Hollie's ten-year conditional-release term imposed in connection with his 1993 conviction and sentence, the court concluded that, if he had not yet completed the conditional-release term, for federal habeas purposes, he was still considered to be in custody for that case. *Id.* But the court summarily dismissed Hollie's petition without prejudice because it was his second federal habeas-corpus petition and he failed to seek pre-authorization from the Eighth Circuit Court of Appeals before filing it. *Id.* at *3–4.

In October 2013, Hollie petitioned for a writ of habeas corpus in Minnesota state court and filed a supporting affidavit. Respondent Minnesota Commissioner of Human Services opposed the petition, and Hollie filed a reply. The district court summarily denied Hollie's petition.

This appeal follows.

**D E C I S I O N**

The district court denied Hollie's petition for a writ of habeas corpus, reasoning in part that Hollie failed to show that he was being detained illegally; his challenges to his conditional-release term and registration requirement are not constitutional attacks on his civil commitment; he may not use the habeas-corpus process to collaterally attack his sentence; and the prohibition against ex-post-facto laws does not apply to Hollie's registration requirement because the requirement is not punitive. Hollie argues that the district court erred by summarily denying his petition for a writ of habeas corpus. Appellate courts may affirm a petition's denial when, "on its face, [it fails to] present[] a case for issuing a writ of habeas corpus." *State ex rel. Nelson v. Rigg*, 259 Minn. 375, 375, 107 N.W.2d 378, 379 (1961).

A writ of habeas corpus is a statutory civil remedy available "to obtain relief from [unlawful] imprisonment or restraint." Minn. Stat. § 589.01 (2012). It is an "extraordinary remedy." *State ex rel. Rajala v. Rigg*, 257 Minn. 372, 381, 101 N.W.2d 608, 614 (1960) (quotation omitted). "Committed persons may challenge the legality of their commitment through habeas corpus." *Joelson v. O'Keefe*, 594 N.W.2d 905, 908 (Minn. App. 1999), *review denied* (Minn. July 28, 1999); *see* Minn. Stat. § 253B.23, subd. 5 (2012) ("Nothing in this chapter shall be construed to abridge the right of any person to the writ of habeas corpus."). "But the only issues the district court will consider are constitutional and jurisdictional challenges." *Joelson*, 594 N.W.2d at 908; *see also Beaulieu v. Minn. Dep't of Human Servs.*, 798 N.W.2d 542, 547−48 (Minn. App. 2011) (stating that "the supreme court regards habeas as a remedy only for a jurisdictional

4

defect or a constitutional violation" and that "[t]he supreme court has refrained from expanding the scope of the writ of habeas corpus to encompass statutory violations that give rise to unlawful restraint"), *aff'd*, 825 N.W.2d 716 (Minn. 2013).

The petitioner "bears the burden of proof of showing the illegality of his detention." *Breeding v. Swenson*, 240 Minn. 93, 97, 60 N.W.2d 4, 7 (1953). The district court need not hold an evidentiary hearing unless the "petition alleges any facts which, if proved, would entitle the petitioner to relief." *State ex rel. Roy v. Tahash*, 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967). "[H]abeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant." *State ex rel. Thomas v. Rigg*, 255 Minn. 227, 234, 96 N.W.2d 252, 257 (1959). "[A]ppellants are not entitled to obtain review of an issue previously raised." *Joelson*, 594 N.W.2d at 908.

Construing Hollie's petition in light of his affidavit and reply, Hollie argues that his conditional-release term and predatory-offender-registration requirement violate his due-process rights because they violate his constitutional rights to be free from ex-post-facto laws. Gleaning what we can from the scant record before us, the district court's 2010 order and our 2010 order opinion suggest that Hollie is presently subject to a ten-year conditional-release term and a predatory-offender-registration requirement due to his 1989 criminal-sexual-conduct convictions and his 1993 first-degree attempted-murder and first-degree-burglary convictions.

We conclude that Hollie's claims are procedurally barred because he could have raised them through other legal means, specifically his prior postconviction-relief petitions. In fact, in affirming the district court's denial of Hollie's fourth postconviction-relief petition in our April 2011 order opinion, we concluded that Hollie's failure to raise his claims in his third petition was "inexcusable." *Hollie*, No. A10-1369; *see State ex rel. Butler v. Swenson*, 243 Minn. 24, 29, 66 N.W.2d 1, 4 (1954) ("Questions which should be . . . reviewed through some other regular legal procedure have no place in a habeas corpus proceeding."); *see also Kelsey v. State*, 283 N.W.2d 892, 893–94 (Minn. 1979) (disapproving of "attempt . . . to use habeas corpus as a means of obtaining review of trial errors," reasoning that "[d]irect appeal and the postconviction remedy . . . are available for that purpose" and, therefore, "the need for another means of raising the claim of trial error is . . . not apparent").

Hollie argues that we should not affirm the district court on the ground that his claims are procedurally barred because the district court did not rely on it. We reject Hollie's argument. "We may affirm the district court on any ground, including one not relied on by the district court." *State v. Fellegy*, 819 N.W.2d 700, 707 (Minn. App. 2012), *review denied* (Minn. Oct. 16, 2012); *see Kafka v. O'Malley*, 221 Minn. 490, 499, 22 N.W.2d 845, 849 (1946) (noting that a "decision in [respondent's] favor may be predicated upon any ground appearing as a matter of law in the record"). Hollie asks us to review his arguments in the interest of justice. We "may review any . . . matter as the interest of justice may require." Minn. R. Civ. App. P. 103.04. But Hollie raised identical claims in his fourth postconviction-relief petition, and, when we affirmed the district

6

court's summary denial of it, we reasoned that he "failed to 'assert any sufficient reason why [it] is in the interests of justice to hear his highly untimely petition.'" *Hollie*, No. A10-1369. Likewise, we now observe no sufficient reason to review the summary denial of Hollie's procedurally barred habeas-corpus petition.

**Affirmed.**